**Horacio A. BAILEY, Plaintiff,**

**v.**

**Joan WICTZACK, et al., Defendants.**

**No. 88–1828–CIV–T–17C.**

United States District Court,
M.D. Florida,
Tampa Division.

April 3, 1990.

Horacio A. Bailey, pro se.

David J. Farash, Tampa, Fla., and Susan A. Maher, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, Fla., for defendants.

## ORDER

KOVACHEVICH, District Judge.

THIS CAUSE comes on for consideration upon the magistrate's report and recommendation recommending that: (1) defendants Rouse and Perrin's motion to dismiss for failure to state a claim (Dkt. 26) be GRANTED and the complaint be DISMISSED as to these defendants and the unnamed Polk and Martin Correctional Institution officers and officials without prejudice and with leave to amend within twenty (20) days; (2) defendant Heinrich's motion to dismiss (Dkt. 17) be GRANTED and the complaint be DISMISSED without prejudice and with leave to amend within twenty (20) days; and (3) defendant Allyn's motion to dismiss (Dkt. 24) be DENIED. All parties previously have been furnished copies of the report and recommendation and have been afforded an opportunity to file objections pursuant to Section 636(b)(1), Title 28, United States Code.

Upon consideration, of the report and recommendation of the magistrate, all objections thereto timely filed by the parties and upon this court's independent examination of the file, it is determined that the magistrate's report and recommendation should be adopted.

Accordingly, it is now ORDERED:

(1) The magistrate's report and recommendation is adopted and incorporated by reference in this order of the court.

(2) Defendants Rouse and Perrin's motion to dismiss for failure to state a claim (Dkt. 26) is GRANTED and the complaint is DISMISSED as to these defendants and the unnamed Polk and Martin Correctional Institution officers and officials without prejudice and with leave to amend within twenty (20) days;

(2) Defendant Heinrich's motion to dismiss (Dkt. 17) is GRANTED and the complaint is DISMISSED without prejudice and with leave to amend within twenty (20) days;

(3) Defendant Allyn's motion to dismiss (Dkt. 24) is DENIED.

DONE and ORDERED.

## APPENDIX

### REPORT AND RECOMMENDATION

THIS CAUSE comes on for consideration before this Court[1] pursuant to motions to dismiss a complaint filed under Title 42, United States Code, Section 1983.

Plaintiff filed a *pro se* complaint detailing alleged improprieties in his arrest and conviction and asking that property seized in his arrest be returned, that the court "nullify" the charges against him and take "whatever measures to obliterate the existence of this occurrence," as well as seeking compensatory and punitive damages against the arresting officers, the "commanding officer of detective and agent in-

---

1. This matter has been referred to the undersigned by the district court for consideration and a Report and Recommendation. See Local Rules 6.01(b) and 6.01(c), M.D.Fla.

volved," the complainant, and officials at two state prisons.

The Supreme Court recognized in *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) that *pro se* complaints are to be held to less stringent standards than complaints drafted by lawyers. Such complaints, "however inartfully pleaded," may only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 106, 97 S.Ct. at 292. Against this legal standard, the lengthy, rambling statement of facts provides no specific allegations against the defendants who move to dismiss except as to defendant Allyn, a Hillsborough County detective.

### Defendants Rouse and Perrin

 Defendants Rouse and Perrin, who are superintendents of Martin and Polk Correctional Institutions respectively, are never mentioned in the plaintiff's complaint. Nowhere in the complaint does the plaintiff allege an action by these defendants under color of state law that deprives the plaintiff of a right or privilege guaranteed by law. Plaintiff therefore fails to state a claim cognizable under § 1983 as to defendants Rouse and Perrin.[2]

### Defendant Heinrich

Defendant Heinrich, Sheriff of Hillsborough County, moves for dismissal pursuant to *Will v. Michigan Department of State Police*, —— U.S. ——, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), which held that state officials acting in their official capacities are not "persons" within the meaning of § 1983 and thus are not subject to liability. In *Will*, the Court adopted an Eleventh Amendment analysis for determining when an official or entity is not a person for § 1983 purposes. The Court confined its holding to "States or governmental entities that are considered 'arms of the State' for

Eleventh Amendment purposes." *Id.* 109 S.Ct. at 2311. Defendant Heinrich argues that because counties are referred to as political subdivisions of the state in the Florida Constitution and a sheriff is a constitutional officer, a sheriff is a state official and not subject to suit under § 1983. Defendant concedes that counties and municipalities and their officers are not entitled to Eleventh Amendment immunity. *See Mt. Healthy City Board of Education v. Doyle*, 429 U.S. 274, 281, 97 S.Ct. 568, 573, 50 L.Ed.2d 471 (1976).

 Initially, it should be noted that plaintiff fails to make clear from the face of his complaint whether he is suing defendant Heinrich in his official capacity or individually. The Supreme Court has held that where the complaint is not clear on this matter, the "course of proceedings" generally will indicate the type of liability sought to be imposed. *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 3106 n. 14, 87 L.Ed.2d 114 (1985) (quoting *Brandon v. Holt*, 469 U.S. 464, 469, 105 S.Ct. 873, 876, 83 L.Ed.2d 878 (1985)). Courts considering the "course of proceedings," however, generally refer to arguments and defenses presented at trial as well as jury instructions. *See Fitzgerald v. McDaniel*, 833 F.2d 1516 (11th Cir. 1987) (raising and arguing defense of qualified immunity is sufficient to create a presumption that the suit was filed against the defendants in their individual capacities).

In the instant case, although the plaintiff refers to the defendant without the title of "sheriff" in the caption of the complaint, plaintiff never asserts that defendant Heinrich acted individually, addresses the summons to "Walter Heinrich, Sheriff" and names as a defendant the "commanding officer" of two detectives. According to defendant Heinrich's counsel, Heinrich is the commanding officer of all detectives. (Dkt. 15). Moreover, defendant Heinrich's motion to dismiss raises the issue of absolute immunity and assumes that the suit is against the defendant in his official rather

---

**2.** Plaintiff lists as defendants Martin and Polk Correctional Institution Officers and Officials. However, he has served only superintendents Rouse and Perrin (Dkts. 19 and 20). Therefore the order of dismissal applies to the captioned unnamed officials as well as Rouse and Perrin.

than individual capacity. Taken as a whole, this prompts the common sense conclusion that the suit is against the defendant in his official capacity. The Seventh Circuit officially adopted this posture in *Kolar v. County of Sangamon,* 756 F.2d 564 (7th Cir.1985). The court held that to avoid confusion a "complaint that alleges that the conduct of a public official acting under color of state law gives rise to liability under § 1983, we will ordinarily assume that he has been sued in his official capacity and only in that capacity." *Id.* at 568.[3] Based on an overall reading of the complaint and the lack of evidence that plaintiff intended to sue defendant Heinrich in his individual capacity, this complaint will be considered as being against the defendant in his official capacity.

■ The Eleventh Circuit has not held whether a Florida sheriff is a state or county official for purposes of § 1983 in light of *Will.* The court has suggested in *dicta* that a deputy sheriff in Florida is a state official for Eleventh Amendment immunity purposes. *See Lundgren v. McDaniel,* 814 F.2d 600, 603–604 (11th Cir. 1987). However, that issue was not necessary to the court's holding that the deputies were liable for damages in a § 1983 suit because they were sued in their individual rather than official capacities.[4]

■ The issue of whether a defendant is a state official entitled to Eleventh Amendment immunity must be determined with reference to state law. *See Pembaur v. City of Cincinnati,* 475 U.S. 469, 484, 106 S.Ct. 1292, 1300, 89 L.Ed.2d 452 (1986); *Mt. Healthy City School District Board of*

Education v. Doyle, 429 U.S. 274, 280, 97 S.Ct. 568, 572, 50 L.Ed.2d 471 (1976); *see e.g. Owens v. Fulton County,* 877 F.2d 947, 950 (11th Cir.1989); *Parker v. Williams,* 862 F.2d 1471, 1475 (11th Cir. 1989).

Among the relevant considerations are the role of the officer or entity in the state constitution, *see Parker,* 862 F.2d at 1475, whether the entity has an existence independent of the state, *see Mt. Healthy,* 429 U.S. at 280, 97 S.Ct. at 572, whether any damages would necessarily be paid out of the state treasury, *see Edelman v. Jordan,* 415 U.S. 651, 665, 94 S.Ct. 1347, 1356, 39 L.Ed.2d 662 (1974), and whether the defendant is a policymaker for the county, *see Owens,* 877 F.2d at 950.

Florida's Constitution defines both "counties" and "municipalities" under a section entitled "Local Government." Fla. Const., art. VIII, §§ 1 and 2. Counties are defined in § 1(a): *"Political subdivisions. The state shall be divided by law into political subdivisions called counties. Counties may be created, abolished or changed by law, with provision for payment or apportionment of the public debt."* The position of sheriff is provided for in the section titled "County officers." Fla. Const., art. VIII, § 1(d). Thus, under Florida's constitutional scheme, a county has an existence independent of the state and the sheriff is a county rather than a state official.[5]

In *Edelman,* the Court held that an entity was immune from suit under the Eleventh Amendment if the damages would necessarily be paid from the state treasury. 415 U.S. at 665, 94 S.Ct. at 1356. The Eleventh Circuit has noted that *Edelman*

---

3. Two circuits, however, require more specificity in light of *Will,* holding that the complaint's caption must be explicit as to defendant's capacity or face dismissal. *Wells v. Brown,* 891 F.2d 591 (6th Cir.1989); *Nix v. Norman,* 879 F.2d 429 (8th Cir.1989).

4. *See also Hamm v. Powell,* 893 F.2d 293 (11th Cir.1990), *modifying* 874 F.2d 766 (11th Cir. 1989). The earlier panel opinion in *Hamm* suggested in *dicta* that a Florida sheriff enjoys Eleventh Amendment immunity when sued in his official capacity. 874 F.2d at 770 n. 3. That part of the opinion discussing official immunity

was later stricken by the panel, however, on a petition for rehearing, as not necessary to disposition of the appeal. 893 F.2d at 294.

5. As respondent notes, the governor of Florida may fill any vacancy in any state or county office or suspend any state or county officer for failing to perform his or her official duties or commission of a felony. *Fla. Const.* art. IV. § 1(f). However, this degree of control in and of itself does not entitle a county sheriff to immunity under the Eleventh Amendment in light of the other factors.

"makes it clear that the Eleventh Amendment protection is available only if satisfaction of the judgment sought against the state "agency" *must* under all circumstances, be paid out of state funds." *Travelers Indemnity Co. v. School Board of Dade County,* 666 F.2d 505, 509 (11th Cir.), *cert. denied,* 459 U.S. 834, 103 S.Ct. 77, 74 L.Ed.2d 74 (1982) (emphasis in original); *see also Fincher v. State of Fla. Dept. of Labor,* 798 F.2d 1371, (11th Cir.1986), *cert. denied* and *app. dismissed* 479 U.S. 1072, 107 S.Ct. 1262, 94 L.Ed.2d 124 (1987) (state's degree of control over entity and fiscal autonomy of entity factors to be considered).

Under Florida law, a county is empowered to "levy and collect taxes" and to expend funds, among other things. *Fla. Stat.* § 125.01. Defendant Heinrich has failed to establish that any judgment rendered against him in his official capacity must necessarily be paid out of state rather than county funds.

The issue of whether defendant Heinrich is empowered to carry out county policy is not addressed by defendant. However the Eleventh Circuit has held that a Florida sheriff acts for the county in performing his official duties, at least in the area of personnel decisions. *See Lucas v. O'Loughlin,* 831 F.2d 232, 235 (11th Cir. 1987), *cert. denied sub. nom., St. Johns County, Florida v. Lucas,* 485 U.S. 1035, 108 S.Ct. 1595, 99 L.Ed.2d 909 (1988) (holding county liable for hiring practices of sheriff).

Thus, to the extent that the motion to dismiss as to defendant Heinrich is predicated upon asserting Eleventh Amendment immunity pursuant to *Will,* the defendant's argument must be rejected.[6] Defendant

Heinrich must be treated as a county rather than state official under the Eleventh Amendment.

Plaintiff, however, fails to allege a custom or policy of the county implemented or executed by defendant Heinrich which caused a deprivation of rights that would subject defendant Heinrich to liability under § 1983 pursuant to *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Therefore the complaint fails to state a claim upon which relief can be granted as to defendant Heinrich.[7] *See e.g. Fundiller v. City of Cooper,* 777 F.2d 1436, 1443 (11th Cir.1985).

### *Defendant Allyn*

Defendant Allyn, a detective with the Hillsborough County Sheriff's Office, also seeks dismissal on grounds that he is a state official under *Will.* For the reasons stated above with respect to defendant Heinrich, this defense is without merit. Defendant Allyn was one of two arresting officers who plaintiff contends improperly searched his home and arrested him in violation of his rights. When plaintiff's complaint is construed liberally, as is required for a *pro se* plaintiff, *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), it fairly can be read as alleging an illegal, unconsented search of his home by defendant Allyn and therefore a suit against this defendant in his individual rather than official capacity. (Dkt. 11, page 7.) It is not beyond possibility that plaintiff could prove a set of facts alleging a violation of his fourth amendment rights, so a dismissal for failure to state a claim as to this defendant would be improper. *Estelle,* 429 U.S. at 106, 97 S.Ct. at 292.

---

6. The question of whether immunity has been waived is secondary to whether the entity had Eleventh Amendment immunity in the first place. *Mt. Healthy,* 429 U.S. at 280, 97 S.Ct. at 572. Accordingly, although the Florida Supreme Court ruled in *Beard v. Hambrick,* 396 So.2d 708 (Fla.1981) that county sheriffs and deputies were county officials and within the scope of *Fla.Stat.* § 768.28 which waived sovereign immunity for certain negligent acts of governmental officials and employees, that ruling

does not relieve the federal court from determining the threshold question of whether the entity was entitled to Eleventh Amendment immunity in the first instance in a § 1983 action.

7. Even if plaintiff's complaint were read as naming defendant Heinrich in his individual capacity, it makes no allegations that defendant Heinrich acted to deprive the plaintiff of any rights secured by law as required under § 1983.

### Conclusion

A dismissal of a *pro se* complaint for failure to state a claim upon which relief can be granted should be entered without prejudice so that an amended complaint may be filed within a reasonable time.[8] *Mitchell v. Beaubouef,* 581 F.2d 412, 416 (5th Cir.1978), *cert. denied,* 441 U.S. 966, 99 S.Ct. 2416, 60 L.Ed.2d 1072 (1978).[9]

Based on the foregoing, it is respectfully RECOMMENDED that:

(1) Defendants Rouse and Perrin's motion to dismiss for failure to state a claim (Dkt. 26) be GRANTED and the complaint be DISMISSED as to these defendants and the unnamed Polk and Martin Correctional Institution officers and officials without prejudice and with leave to amend within twenty (20) days;

(2) Defendant Heinrich's motion to dismiss (Dkt. 17) be GRANTED and the complaint be DISMISSED without prejudice and with leave to amend within twenty (20) days;

(3) Defendant Allyn's motion to dismiss (Dkt. 24) be DENIED.

> Respectfully submitted,
>
> /s/ Elizabeth A. Jenkins
> Elizabeth A. Jenkins
> United States Magistrate

Dated: March 9, 1990.

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).

---

**8.** It should be noted that the appropriate avenue for attacking the fact or length of confinement is a writ of habeas corpus. A complaint that seeks relief which, if granted, would shorten the duration of the inmate's sentence cannot be properly sought under § 1983 and must be brought as a petition for habeas corpus. *Gwin v. Snow,* 870 F.2d 616 (11th Cir.1989). To the extent that plaintiff's complaint seeks an order from this court "nullifying" the charges against him, it is clear that the court lacks jurisdiction over this aspect of the relief sought in this § 1983 action.

**9.** In *Bonner v. City of Prichard, Ala.,* 661 F.2d ·1206 (1981), the Eleventh Circuit *en banc* adopted the decisions of the Fifth Circuit prior to the close of business on September 30, 1981, as binding precedent in the Eleventh Circuit.