**Martin Joseph STRICKER, Plaintiff,**

v.

**Officer & Individual David John KUEHL; Officers and Individuals Prince, Waters, Vernick, John Does 1 Thru 4; Jane Doe; Polk County as a Person, Defendants.**

**No. 98–1186–CIV–T–17B.**

United States District Court,
M.D. Florida,
Tampa Division.

Nov. 16, 1998.

Martin Joseph Stricker, Winter Haven, FL, pro se.

Hank B. Campbell, Mark G. Capron, Lane, Trohn, Clarke, Bertrand, Vreeland & Jacobsen, P.A., Lakeland, FL, for David John Kuehl, Does 1 Thru 4, Jane Doe, Medical person, Polk County, John Does, upon discovery, David A. Prince, David L. Waters, Erik A. Venrick, defendants.

### ORDER ON DEFENDANTS' MOTION TO DISMISS

KOVACHEVICH, Chief Judge.

THIS CAUSE is before the Court on Defendants' motions and amended motions to dismiss (Docket Nos. 15, 17, 21 and 31). Plaintiff filed a response on August 24, 1998 (Docket No. 32).

It is well-settled, by the cases of *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), and *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief, and that a trial court is required to view the complaint in the light most favorable to the Plaintiff when ruling on a motion to dismiss.

### Facts

The following facts have to be accepted as true for purposes of considering these motions and the Court has to view them as required. Plaintiff, Martin Joseph Stricker, filed his initial complaint on February 3, 1998. Plaintiff contends that on August 12, 1997, he was stopped by Officer Kuehl for an alleged traffic violation, namely the improper display of a temporary tag (Complaint ¶ 22, 41). Plaintiff had the tag displayed in the rear window of his vehicle (Complaint ¶ 28). After the traffic stop, the Plaintiff was arrested and later found out he was charged with failing to sign a traffic citation (Complaint ¶ 30,41). After Plaintiff was arrested, Officer Kuehl called a tow truck and, over Plaintiff's protestations, directed that the vehicle be towed (Complaint ¶ 32–33). Officer Kuehl then told the Plaintiff he did not have the right to remain silent and that silence would result in a further citation for failing to cooperate (Complaint ¶ 34–37). The Plaintiff was taken to jail rather than immediately taking him to a magistrate (Complaint ¶ 38–40). At the jail, the intake officer began questioning him, at which point Plaintiff invoked his right to remain silent. Officer Kuehl than said that if he did not answer, he would be stripped naked, placed in a cold isolation cell and awoken every hour, as was the policy of suicidal persons (Complaint ¶ 44–45). A few minutes later, Officer Kuehl left Plaintiff in the custody of the detention officers (Complaint ¶ 47). Plaintiff was not given the opportunity to make a phone call for fourteen (14) hours (Complaint ¶ 69). After Plaintiff was left in custody of the jail, Officer Prince asked Plaintiff to step in front of the camera for a photo (Complaint ¶ 51). After being told by Plaintiff this violated his religious beliefs, Officer Prince pushed Plaintiff to the wall, and put him in a choke hold while another officer took his picture (Complaint ¶ 51–52). Officer Prince later ordered Plaintiff to remove his clothes for a shower and when again he said this violated his religious beliefs, Officer Prince beat Plaintiff with his hands and fists (Complaint ¶ 54–57). Officer Prince later threatened to shock Plaintiff if he did not submit to a second photo (Complaint ¶ 64). Officer Prince also fingerprinted Plaintiff against his protests (Complaint ¶ 66). He was taken to a prelimi-nary hearing the following day, 28 hours after his arrest (Complaint ¶ 68–69). The charges against Plaintiff were later dismissed (Complaint ¶ 78).

Plaintiff has alleged causes of action against Polk County. He has also alleged causes of action against David John Kuehl, David A. Prince, David L. Waters, and Erik A. Vernick in both their official and individual capacities. Defendants' amended motion to dismiss Plaintiff's First Amended Complaint adopts the grounds and argument contained in the original motions to dismiss the First Amended Complaint as Plaintiff incorporates by reference the original Complaint in his First Amended Complaint.

### Defendant Polk County's Motion to Dismiss

■ Plaintiff's count against this defendant, Polk County, fails to state a claim upon which relief can be granted. The Plaintiff, in his complaint, maintains that because of actions by the Sheriff and his deputies, Polk County is liable. However, Polk County is not the proper entity from which Plaintiff should be seeking recourse because it is a separate governmental entity from the County or its Board of County Commissioners. *See Bailey v. Wictzack,* 735 F.Supp. 1016 (M.D.Fla.1990). As a result, this defendant's motion should be granted for failure to name the proper defendant.

### Defendant, David John Kuehl's Amended Motion to Dismiss

■ Plaintiff alleges a cause of action against this Defendant in both his official and individual capacity. When a claim is brought against a government officer in his or her official capacity, it is in essence a claim against the entity for which he is employed. *See Schopler v. Bliss,* 903 F.2d 1373 (11th Cir.1990). The Defendant's motion correctly states that the governmental entity cannot be held liable unless there was a policy, custom or practice, which caused the constitutional violation. *See Jett v. Dallas Independent School District,* 491 U.S. 701, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989). Plaintiff has not set forth any policy in which this Defendant has followed, and, therefore the complaint should

be dismissed as to any action by this defendant.

In the claim against this Defendant in his individual capacity, the Plaintiff alleges wrongful arrest, unreasonable search and seizure, grand theft auto, failure to take Plaintiff before a magistrate before taking Plaintiff to jail, right to counsel, perjury, and the malicious prosecution of the Plaintiff. According to the court in *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), a Defendant must allege absolute facts demonstrating that the Defendant's actions were a violation of a clearly established constitutional or statutory right of which a reasonable person would have known.

In the first count, Plaintiff does not demonstrate that there was lack of probable cause when the Defendant stopped him. Furthermore, the complaints fail to show a clearly established right not to be stopped in like circumstances, or a violation of such a right. The Plaintiff also alleges wrongful arrest against this Defendant, however, for the reasons just mentioned this claim cannot be brought since Plaintiff's probable cause argument fails. *See L.S.T., Inc. v. Crow*, 49 F.3d 679 (11th Cir.1995).

■ Plaintiff's third count, alleging assault and battery, fails because the Plaintiff only alleges the arrest itself for the assault and battery. The wrongful arrest count fails and so does the assault and battery count. Plaintiff alleges that the Defendant also conducted unreasonable search and seizure and grand theft auto when towing his car. However, Plaintiff does not even contend facts which show that his vehicle was searched by the Defendant. Plaintiff's claim that the Defendant committed grand theft auto fails because the officer did not deprive the Plaintiff of his vehicle indefinitely, nor does the Plaintiff claim his demands for the return of the vehicle were not met. *See Douglas v. Braman Porsche Audi, Inc.*, 451 So.2d 1038.

■ Plaintiff's claim that the defendant did not take him before a magistrate prior to going to jail also fails. Plaintiff states that he went before a judge within twenty-eight hours and, according to the Supreme Court, presentation to a judicial officer in forty-eight hours of arrest is within the limits of promptness. *See County of Riverside v.*

*McLaughlin*, 500 U.S. 44, 56, 111 S.Ct. 1661. Therefore, Plaintiff's contention that he was deprived of seeing a magistrate fails in a timely manner.

The next three counts fail because no facts were plead showing that the Defendant violated Plaintiff's right to counsel nor does the Plaintiff allege the Defendant intended to deny Plaintiff of a constitutional right. *See Anthony v. Baker*, 767 F.2d 657 (10th Cir. 1985).

■ Plaintiff's allegations that the Defendant denied him the right to a phone call fails because facts are not shown to prove that this Defendant had any part in this decision. Plaintiff cannot throw allegations to whom ever was present on the night of occurrence.

■ In the final count Plaintiff alleges intentional infliction of emotional distress against this Defendant. The burden when alleging this type of claim is high and Plaintiff must show conduct that was outrageous and either intentional or reckless, and must show that the conduct resulted in severe emotional distress. *See Martin v. Baer*, 928 F.2d 1067 (11th Cir.1991). Plaintiff's claims are insufficient to maintain a claim that this Defendant's conduct was outrageous, and, therefore the claim for intentional infliction of emotional distress should be dismissed.

### Defendant, Prince's Amended Motion to Dismiss

Plaintiff alleges a cause of action against this Defendant in both his official and individual capacity. When a claim is brought against a government officer in his or her official capacity, it is in essence a claim against the entity for which he is employed. *See Schopler v. Bliss*, 903 F.2d 1373 (11th Cir.1990). The Defendant's motion correctly states that the governmental entity cannot be held liable unless there was a policy, custom or practice, which caused the constitutional violation. *See Jett v. Dallas Independent School District*, 491 U.S. 701, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989). Plaintiff has not set forth any policy which this Defendant has followed, and, therefore, the complaint should be dismissed as to any action by this defendant in his official capacity.

In Plaintiff's claim against this Defendant in his individual capacity, he alleges denial of the right to a phone call, improper seizure of fingerprints and photographs, deprivation of his religious beliefs, assault and battery, attempted homicide, perjury, and the intentional infliction of emotional distress.

For the allegations of denial of the right to a phone call, assault and battery, perjury, and intentional infliction of emotional distress, the argument is the same as it was for the allegations Plaintiff brought against Officer Kuehl. In order to avoid repetition, these arguments are readopted for this motion to dismiss as well, and therefore, these allegations should be dismissed for Officer Prince as they were for Officer Kuehl. However, the other allegations against this Defendant shall be addressed below.

Plaintiff alleges improper seizure of fingerprints and photographic images while Plaintiff was in custody. Plaintiff cites *Davis v. Mississippi*, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676, stating that fingerprints obtained during the detention of persons seized without probable cause were inadmissible evidence. *Id.* at 727, 89 S.Ct. 1394. However, as previously discussed, Plaintiff's probable cause argument failed, and the ruling in *Davis* only pertains with rules of evidence. Plaintiff alleges nothing to demonstrate actionable conduct under 42 U.S.C. § 1983.

Plaintiff also alleges deprivation of religious beliefs against this Defendant. He states, in his complaints, that he was forced to undress for a shower in front of other men, which violated his religious beliefs (Complaint ¶ 99). Plaintiff must show that this action, undressing in front of other men, is implanted in his religious belief and that he is genuine in his religious belief. *See (Turner v. Safley*, 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987)). Plaintiff does not allege any facts to support that he in fact had a firm religious belief to not undress in front of other men and, therefore, his allegation should be dismissed.

Plaintiff also alleges, against this Defendant, assault and battery and attempted homicide. Plaintiff does not allege any injury resulting in excessive use of force. When alleging this type of claim under § 1983, Plaintiff must show an injury occurred that was the direct result of unreasonable use of force which was also composed of an unnecessary and wanton infliction of pain. *See Huguet v. Barnett*, 900 F.2d 838 (5th Cir.1990). Plaintiff does not allege any injury occurred from the alleged force used by Defendant as to cause the wanton infliction of pain alleged in his complaint. He only states that the Officer used his hands and fists to beat him. Nothing is alleged to show how much force the Officer used when using his hands and fists and whether it even injured the Plaintiff in any way. Defendant is correct when stating Plaintiff's allegation of attempted homicide is without merit because this type of claim does not exist in civil suits. Plaintiff does not support his claim of attempted homicide with facts to give rise to such a claim.

### Defendant, Vernick's Amended Motion to Dismiss

Plaintiff alleges a cause of action against this Defendant in both his official and individual capacity. When a claim is brought against a government officer in his or her official capacity, it is in essence a claim against the entity for which he is employed. *See Schopler v. Bliss*, 903 F.2d 1373 (11th Cir.1990). The Court adopts the previous discussion in this regard as to Defendant Vernick.

In Plaintiff's claim against this Defendant in his individual capacity, he alleges improper seizure of fingerprints and photographic images while Plaintiff was in custody, perjury, and intentional infliction of emotional distress. These arguments are not novel to the previous motions addressed. In order to avoid repetition, these arguments apply in this motion to dismiss as well, and therefore, these allegations should be dismissed against Officer Vernick as they were for Officers Kuehl and Prince.

### Defendant, Waters' Motion to Dismiss

Plaintiff alleges a cause of action against this Defendant in both his official and personal capacity. When a claim is brought against a government officer in his or her official capacity, it is in essence a claim against the entity in which he is employed.

*See Schopler v. Bliss,* 903 F.2d 1373 (11th Cir.1990). Again, the Court readopts its previous discussion on this issue.

In Plaintiff's claim against this Defendant in his individual capacity, he alleges improper seizure of fingerprints and photographic images while Plaintiff was in custody, perjury, and intentional infliction of emotional distress. Again, these arguments are not novel to the previous motions addressed. In order to avoid repetition, these arguments apply in this motion to dismiss as well, and therefore, these allegations should be dismissed for Officer Waters as they were for Officers Kuehl, Prince, and Vernick.

### Conclusion

For the above reasons stated above, this Court finds that Defendants Polk County, David John Kuehl, David A. Prince, David L. Waters, and Erik A. Vernick's motions to dismiss should be granted. Accordingly, it is **ORDERED** that Defendants' motions to dismiss (Docket Nos. 15, 17, 21, and 31) be **GRANTED** for the above reasons and the Clerk of Court be **directed** to enter judgment for all Defendants and against the Plaintiff. The case is **dismissed** with prejudice.