Melvin PROWELL, et al.

v.

WEST CHEMICAL PRODUCTS, INC., et al.

Civ. A. No. 87–7618.

United States District Court, E.D. Pennsylvania.

Jan. 21, 1988.

Martin Brigham, Philadelphia, Pa., for plaintiffs.

Joseph Manta, Philadelphia, Pa., for Dow Chemical.

Sharon Erwin, Philadelphia, Pa., for Union Oil Co. of California.

Ross Schmucki, Philadelphia, Pa., for West Chemical and Penetone Corp.

Daniel J. Ryan, Philadelphia, Pa., for Octogon Process.

MEMORANDUM AND ORDER

HUYETT, District Judge.

Plaintiffs commenced this action by filing a writ of summons in the Court of Common Pleas of Philadelphia County of the Commonwealth of Pennsylvania on August 20, 1987. (August Term, 1987, No. 3457). On October 26, 1987, plaintiffs filed their complaint setting forth the facts necessary to confirm that there was complete diversity of citizenship between plaintiffs and all defendants and that the United States District Court potentially had original jurisdiction over the action pursuant to

28 U.S.C. § 1332. Named as defendants were: West Chemical Products, Inc.; Penetone Corporation; Dow Chemical Company; Union Oil of California; Union Chemicals Division, Petrochemical Group, Union Oil; and Octagon Process, Inc.

All defendants were served with the complaint on or before November 9, 1987. However, the state court docket as of November 25, 1987 revealed that only Dow Chemical Company and Union Oil Company had entered appearances. The docket did not reflect service of the complaint upon the defendants.

On November 25, 1987, defendants Union Oil Company of California and Union Chemicals Division, Petrochemical Group, Union Oil (referred to collectively as "Union Oil") filed a petition for removal to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1446. The petition for removal stated that the complaint was served on Union Oil on November 5, 1987. The petition contained no representations concerning the service, or lack of service, upon other defendants; no explanation was given for the failure to join all served defendants. A certified copy of the state court docket sheet was attached to the petition. It was apparent from the docket sheet that only defendants Dow Chemical and Union Oil had entered appearances. Defendant Dow Chemical joined in the petition for removal on November 27, 1987.

On December 15, 1987, plaintiffs filed their reply to the petition for removal, and their motion to remand this action to the Court of Common Pleas. Plaintiffs concede that complete diversity exists, but contend that removal was improper because all served defendants did not join in the petition in a timely manner.

Subsequent to the filing of plaintiff's petition, the remaining defendants joined in the petition for removal. Defendants West Chemical and Penetone filed a notice of joinder in the petition for removal on December 18, 1987. Defendant Octagon Process filed a notice of joinder in the petition for removal on December 22, 1987. These defendants had been properly served before the filing of the petition for removal. Their joinders were filed more than thirty days after all parties had been served. I must decide whether the action was, nonetheless, properly removed.

Removal is a statutory right, and the defendants must comply strictly with the procedures to effect removal. *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir.1985). As a general rule, all defendants must join in the removal petition. *Id.* However, there are exceptions to this general rule.

Defendants seek to come within the "non-service exception" to the rule. Defendants' attempt to do so must fail. In *Lewis*, the Third Circuit held removal was proper where defendant Bastion failed to join in the removal petition until more than thirty days after it (and all other) defendants had been served. However, *Lewis* must be distinguished from the present case because Bastion was not served with the complaint until twelve days after the petition for remand had been filed. In the present case, all defendants had been served before the petition for remand was filed.

The Third Circuit's opinion in *Lewis* makes clear that this is not an empty distinction. As its name implies, the non-service exception is clearly limited to cases in which the non-joining defendants had not been *served* in the state proceeding at the time the petition for removal was filed. In *Lewis*, the petition for removal alleged only that no entry of appearance had been made on behalf of Bastian. The Court expressed concern with this language because it left open the possibility that Bastian might have been served but simply not yet entered an appearance. *Lewis*, 757 F.2d at 68–69. The court implied that, had this been the case, it would have been necessary for Bastian to join in the petition. Both the District Court and the Court of Appeals emphasized that it was because all defendants who had been served at the time of the petition joined therein that the case fell within the non-service exception.

The Third Circuit's limited holding in *Lewis* is that "the removal statute contem-

plates that once a case has been properly removed the subsequent service of additional defendants who do not specifically consent to removal does not require or permit remand on a plaintiff's motion." The present case does not fall within the holding of *Lewis*.

Defendants argue that it would be unfair to permit plaintiffs to defeat removal where the plaintiffs failed to advise the defendants that service had been made. However, the statute places no burden upon plaintiff to come forward with such information. The burden is upon the defendants to comply with the requirements for removal. The placement of this burden upon defendants does not work any injustice. West Chemical, Penetone, and Octagon Process were aware that they had been served, and at least two of these defendants were aware of the petition for removal on December 1.[1] Yet these defendants failed to join in the petition in a timely manner. Moreover, defendants' petition contained no assertion that they had attempted to ascertain whether the remaining defendants had been served, and made no attempt to explain the failure of those defendants to join in the petition.

Defendants argue, in the alternative, that plaintiffs have waived any objection to removal by entering into stipulations for extension of time and for amendments to the complaint. I disagree. Waiver occurs through the failure to make a timely objection before proceeding on the merits. *Monaco v. Carey Canadian Mines, Ltd.*, 514 F.Supp. 357, 358 (E.D.Pa. 1981). Before filing the motion to remand, plaintiff entered into only two stipulations which did no more than extend the time for defendants to answer the complaint. Those stipulations do not constitute a waiver of the right to object to removal. Plaintiffs have acted promptly, filing their motion to remand within three weeks of the removal of this case to federal court. *Compare Monaco*, 514 F.Supp. at 358. There is nothing in the record to suggest that plaintiffs have done something or enjoyed something which would make it inequitable to remand the case at this time. *See Essington Metal Works Inc. v. Retirement Plans of America, Inc.*, 609 F.Supp. 1546, 1551 n. 3 (E.D.Pa.1985).

For these reasons, I will grant plaintiff's motion to remand to the Court of Common Pleas of Philadelphia County. An appropriate order is attached.

---

1. *See* Stipulation filed December 14, 1987.