**La Verne C. SIMMONS, individually and M.B.E. Electrical, Inc., Plaintiffs,**

v.

**STATE OF CALIFORNIA, DEPARTMENT OF INDUSTRIAL RELATIONS, DIVISION OF LABOR STANDARDS ENFORCEMENT, et al., Defendants.**

**No. Civ. S–89–1347 LKK.**

United States District Court, E.D. California.

June 20, 1990.

Roderick L. MacKenzie, Sacramento, Cal., Richard M. Rogers, Mayo, Rogers & Joost, San Francisco, Cal., for plaintiffs.

Deborah S. Ballati, Tiela M. Chalmers, San Francisco, Cal., for defendants DMJM–3D/I, Armando Armijo and John Kadeg.

Vincent J. Scally, Jr., Deputy Atty. Gen., Sacramento, Cal., for defendant State of Cal.

## ORDER

KARLTON, Chief Judge Emeritus.

### I

### PROCEDURAL HISTORY

On September 8, 1989, plaintiffs filed this action in the Superior Court of the State of California for the County of Sacramento. They named as defendants in that suit the State of California, various divisions thereof, various individuals employed by the State (hereinafter referred to as "the State defendants"), a joint venture and certain of its employees (hereinafter referred to as "the private defendants"). In the second cause of action, plaintiffs allege against the named employees of the State and the named employees of the private defendants a claim predicated on 42 U.S.C. §§ 1981–86 and 1988. In the third cause of action, plaintiffs allege a cause of action purportedly arising under 42 U.S.C. § 1983 against the State, its agencies, and the private employers. The balance of the causes of action appear to be state claims.

■ On October 2, 1989, the private defendants, asserting that they were the only parties served, filed a Notice of Removal to this court, claiming that "the above-described action is a civil action of which this court has original jurisdiction under the provisions of U.S.Code, Title 42, sections 1981, 1982, 1983, 1984, 1985, 1986, and 1988, and is one that may be removed to this court by defendants pursuant to U.S. Code, Title 28, sections 1441 and 1443, since the complaint appears to state claims under 42 U.S.C. sections 1981 through 1988." [1]

On December 4, 1989, plaintiffs filed a "Motion to Remand the Pendent Causes of Action as to the Pendent Parties, to wit: the State of California and its agencies, on the grounds that the court lacks jurisdiction over pendent parties." In response, on January 2, 1990, the State defendants filed an opposition to plaintiffs' motion to remand, arguing that the action against them should be dismissed rather than remanded. Following oral argument, in which the private defendants did not participate, I directed the plaintiffs to prepare an order of remand for my signature, observing that "section 1441(c) [of Title 28, U.S.C.] mandates remand of the entire action."

■ The private defendants now move for reconsideration of the proposed remand order, at least insofar as they are concerned. They assert that this action was removed pursuant to the provisions of 28 U.S.C. § 1441(a) & (b), rather than (c), and that the action comes within this court's "federal question and pendent claim jurisdiction." The private defendants note that since the character of the original motions directed to remand did not appear to involve their interests they did not participate and thus have had no opportunity to be heard. Since, as these defendants assert, it was reasonable under the circumstances not to participate in the previous hearing, and since the proposed order remanding the entire case would directly affect the private defendants' interests, it appears appropriate to grant the motion to

---

**1.** On December 1, 1989, after removal, plaintiff lodged a first amended complaint. Because, as a general matter, the propriety of removal is tested by the state of the case at the time of removal, *see Pullman Co. v. Jenkins,* 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939), the terms of the amended complaint do not appear relevant to the matters presently pending before the court. Moreover, as I explain below, this court lacks subject matter jurisdiction over this matter; accordingly, this court does not have the power to entertain the first amended complaint. *See Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1065 (9th Cir.1979).

reconsider. *See* Local Rule 230(k).[2]

## II

## REMOVAL, FEDERAL QUESTION

## JURISDICTION AND THE ELEVENTH AMENDMENT

■ The private defendants argue that the causes of action directed towards them should not be remanded. The argument is premised upon their claim that removal of this case was proper under the provisions of 28 U.S.C. § 1441(a) & (b) permitting removal of "federal question" cases to this court. As I now explain, an examination of the pertinent law, read against the Eleventh Amendment to the Constitution of the United States, suggests that they are in error.

The removal statute relied upon by the private defendants provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant," 28 U.S.C. § 1441(a). Thus, the statute requires that to be properly removed the case must be one where this court had "original jurisdiction" over the "civil action."

Section 1331 of Title 28 provides district courts with jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Moreover, 28 U.S.C. section 1343 confers on the district courts original jurisdiction over any civil action

> [A]uthorized by law ... to recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42, ... to redress the deprivation, under color of any State law [etc.] secured by the Constitution of the United States or by any act of Congress providing for equal rights of citizens....

In sum, Congress has provided this court with jurisdiction to hear suits alleging a violation of the various civil rights acts specified in the original complaint. Unfortunately, because considerations of a constitutional nature are implicated, a simple reading of the jurisdictional statutes does not resolve the issue.

The suit plaintiffs filed in the superior court was directed against the State and its agencies, among others. While that court has jurisdiction to hear such a suit, by virtue of the provisions of the Eleventh Amendment, a federal court would not have jurisdiction to entertain it. *See Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). The Eleventh Amendment, of course, provides that "the judicial power of the United States shall not be construed to extend to any suit in law or in equity, commenced or prosecuted against one of the United States by citizens of another state." [3] By its plain terms, the

---

**2.** 28 U.S.C. § 1447(d) provides that "an order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." The "or otherwise" language has been construed to bar a district court from reconsidering an order of remand once the state court resumes jurisdiction. *See Federal Deposit Ins. Corp. v. Santiago Plaza,* 598 F.2d 634, 636 (1st Cir.1979). Although a remand order ends a federal court's jurisdiction, *see Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.,* 741 F.2d 273 (9th Cir.1984), that situation is not presented here. Since no order of remand has been entered, this court has the power to reconsider its proposed order. Furthermore, reconsideration of the proposed order will not interfere with nor delay existing state court proceedings, *see Thermtron Products, Inc. v. Hermansdorfer,* 423 U.S. 336, 351, 96 S.Ct. 584, 593, 46 L.Ed.2d 542 (1976), since the state court has not yet resumed jurisdiction.

**3.** While by its plain terms, the Eleventh Amendment prohibits only suits against a state prosecuted by citizens of another state, the Supreme Court has consistently held that an unconsenting state is immune from suits brought in federal courts by its own citizens as well. *See Hans v. State of Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890); *Papasan v. Allain,* 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). Because suits against agencies of the state seeking monetary damages are construed as suits against the state, *see e.g., Employees of Dept. of Public Health and Welfare, Missouri v. Dept. of Public Health and Welfare, Missouri,* 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973), federal courts lack original jurisdiction over such suits.

Amendment speaks to the power of a federal court to hear certain suits, that is to say it speaks to a federal court's jurisdiction. As with other concerns raised by the Eleventh Amendment, however, (see footnote 3), plain meaning does not tell the whole, or perhaps any part of, the story. Although the High Court has held that the "Eleventh Amendment defense sufficiently partakes of the nature of a jurisdictional bar so that it need not be raised in the trial court," *Edelman v. Jordan*, 415 U.S. at 678, 94 S.Ct. at 1363, the Court has also noted that "we have never held that it is jurisdictional in the sense that it *must* be raised and decided by this Court on its own motion." *Patsy v. Board of Regents of State of Fla.*, 457 U.S. 496, 515 n. 19, 102 S.Ct. 2557, 2567 n. 19, 73 L.Ed.2d 172 (1982) (emphasis in original).[4] Whatever the meaning of the abstruse comment in *Patsy*, it is clear that, at least in the absence of a waiver, a federal court does not have the power to entertain suits governed by the provisions of the Eleventh Amendment. In sum, this court does not have original jurisdiction over suits such as the instant suit against the state.[5]

Since this court does not have original jurisdiction to entertain plaintiffs' suit against the State, it follows that the suit cannot be removed to this court. As the Fifth Circuit has observed in identical circumstances,

> This section [28 U.S.C. § 1441] only authorizes the removal of actions that are within the original jurisdiction of the district court. Because a state agency is a defendant, the eleventh amendment bars the exercise of federal jurisdiction here. Accordingly, the action must be remanded to the state court where it was originally filed.

*McKay v. Boyd Const. Co., Inc.*, 769 F.2d 1084, 1086 (5th Cir.1985).

■ The private defendants nonetheless apparently seek to have those causes of action which are solely directed towards themselves maintained in this court. They remonstrate that this court would have original jurisdiction over the claims directed against them under 42 U.S.C. §§ 1981, *et seq.*, and argue that it has pendent jurisdiction over the state claims directed towards them. From this, they conclude that the court should retain those causes of action directed towards them, and remand only the cause of action directed against the State. No authority is cited for such a disposition. Moreover, although the private defendants' argument is premised on an abstractly accurate description of the pleadings, the conclusions they draw cannot stand.

As a general matter, a "civil action" must be one which could have been originally filed in a federal court in order to be removable. Although 28 U.S.C. § 1441 does not define the phrase "civil action," common sense suggests it is the action which was filed in the state court. In this regard, it has been observed that the phrase "civil action" in the statute "denotes the entirety of the proceedings in

---

**4.** The "problem" of the jurisdictional character of the Eleventh Amendment apparently derives from the doctrine that the state may waive its provisions. That fact presents something of a conundrum, if indeed the Eleventh Amendment is solely jurisdictional in character, for a party may not waive a defect in subject matter jurisdiction nor may federal jurisdiction be invoked by consent. *See, e.g., Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978); *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 17–18, 71 S.Ct. 534, 541–42, 95 L.Ed. 702 (1951); *People's Bank of Belville v. Calhoun*, 102 U.S. 256, 26 L.Ed. 101 (1880). The puzzle may be resolved by either viewing the Eleventh Amendment as an embodiment of a constitutional principle of sovereign immunity, *see Welch v. Texas Dept. of Highways & Public Transp.*, 483 U.S. 468, 486, 107 S.Ct.

2941, 2952, 97 L.Ed.2d 389 (1987), or viewing Eleventh Amendment jurisprudence as a reflection of the Court's "prudential interest in federal-state comity." *Pennsylvania v. Union Gas Co.*, — U.S. —, —, 109 S.Ct. 2273, 105 L.Ed.2d 1, 23 (1989).

**5.** Of course, Congress may override Eleventh Amendment immunity when implementing the provisions of the Fourteenth Amendment, *see Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985), or when legislating within the sphere of its delegated powers under the Commerce Clause. *See Pennsylvania v. Union Gas Co.*, — U.S. —, 109 S.Ct. 2273, 105 L.Ed.2d 1 (1989). Neither circumstance is tendered here.

question, not merely" claims or parties. *Arango v. Guzman Travel Advisors Corp.*, 621 F.2d 1371, 1376 (5th Cir.1980); *see also Agosto v. Barcelo*, 594 F.Supp. 1390, 1392 (D.P.R.1984) ("As used in Section 1441 'civil action' is a civil suit"). Thus, the removal statute does not countenance the removal of bits and pieces of cases. Since this court does not have jurisdiction over the civil action by virtue of the Eleventh Amendment,[6] it is not subject to removal. Accordingly, under this line of reasoning, the court would be obliged to remand the entire case pursuant to the mandate of 28 U.S.C. § 1447.

## III

### FRAUDULENT JOINDER

■■■ Although not raised by the parties, it appears that another principle of removal jurisprudence may bear on the matter at bar. Under the doctrine of fraudulent joinder as applied in the diversity context, "[t]he joinder of a nondiverse defendant, although fair on its face, may be shown by a petition for removal to be only a fraudulent device to prevent removal. Under such circumstances, the court may disregard the joinder and retain jurisdiction." *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D.Cal.1979).[7] It must be clear that no cause of action can lie against the fraudulently joined defendant.[8] Where the plaintiff knows the claim to be groundless in law or fact, or closes her eyes to evidence that would show it to be so, the doctrine of fraudulent joinder is appropriately invoked. *See Wecker v. National*

*Enameling & Stamping Co.*, 204 U.S. 176, 27 S.Ct. 184, 51 L.Ed. 430 (1907); *Parks v. New York Times Co.*, 308 F.2d 474 (5th Cir.1962).

The question tendered by the instant case is whether a parallel principle ought to apply in the federal question context. Although rarely invoked,[9] the doctrine of fraudulent joinder appears to be equally appropriate in federal question cases. Fraudulent joinder could conceivably be applied in at least three situations. The first situation is where a claim is brought against the State where a cause of action clearly does not exist. Such a situation is tendered by the instant case. Plaintiff clearly cannot prevail on his section 1983 action against the State because the State is not a person within the meaning of the statute. *See Will v. Michigan Dept. of State Police*, ── U.S. ──, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). A second situation possibly appropriate for application of the fraudulent joinder doctrine is presented where a federal claim exists against the State, but the Eleventh Amendment has not clearly been abrogated by Congress. Thus, if the federal claim lies against the State, it could only be heard in state court. *See e.g., Welch v. Texas Dept. of Highways and Public Transp.*, 483 U.S. 468, 107 S.Ct. 2941, 97 L.Ed.2d 389 (1987). Finally, although not in the context of fraudulent joinder of parties, it is possible the plaintiff could fraudulently join claims so as to preclude removal. For instance, claims brought in State court pursuant to the Securities Act of 1933 are precluded from

---

**6.** It is clear that if the Eleventh Amendment bars this court's jurisdiction, that bar cannot be overcome simply because the case satisfies the requirements of federal question jurisdiction or qualifies under the doctrine of pendent jurisdiction. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 919–21, 79 L.Ed.2d 67 (1984); *State of Missouri v. Fiske*, 290 U.S. 18, 54 S.Ct. 18, 78 L.Ed. 145 (1933).

**7.** As I have explained, "'[f]raudulent joinder' is a term of art, it does not reflect on the integrity of plaintiff or counsel." *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D.Cal.1979).

**8.** Fraudulent joinder must be pled with particularity and supported with clear and convincing evidence. *See Parks v. New York Times Co.*, 308

F.2d 474, 478 (5th Cir.1962); *McLeod v. Cities Service Gas Co.*, 233 F.2d 242 (10th Cir.1956).

**9.** The court has discovered very few cases considering application of fraudulent joinder in the federal question context. *See e.g., McKay v. Boyd Const. Co., Inc.*, 769 F.2d 1084 (5th Cir. 1985) (remand appropriate because plaintiff stated "nonspecious" cause of action against defendant whose presence barred removal because of Eleventh Amendment); *Stephans v. State of Nev.*, 685 F.Supp. 217 (D.Nev.1988) (applying fraudulent joinder, court dismissed state defendant and retained jurisdiction pursuant to 28 U.S.C. § 1331 (federal question)).

removal,[10] *see* 15 U.S.C. § 77v(a), as are claims under the Federal Employers' Liability Act, 45 U.S.C. §§ 51, *et seq.*[11], and the Jones Act, 46 U.S.C.App. § 688.[12] *See* 28 U.S.C. § 1445(a).

Whether fraudulent joinder should be recognized in the federal question context may be answered by examining the reasons underlying the doctrine. Removal in the diversity context "is based on the twin goals of avoiding local prejudice and guaranteeing the vindication of federal rights." *Lewis v. Time Inc.*, 83 F.R.D. at 461. Clearly in the absence of a doctrine like fraudulent joinder, a plaintiff could defeat those purposes by the simple device of joining a nondiverse defendant who is simply irrelevant to the real claims.

It appears to this court that concerns similar to those underlying fraudulent joinder in the diversity context are applicable to cases such as those at bar. Applying the doctrine in the instant case would vindicate federal rights and avoid local prejudice by permitting defendants to litigate federal civil rights claims brought against them in a federal forum, rather than a local forum. Further, where Congress intends to specifically exclude a defendant's right to remove and makes the plaintiff absolute master of the forum, it evidences its intent by statute. *See e.g.,* 15 U.S.C. § 77v(a); 28 U.S.C. § 1445(a). A failure to specifically exclude the right of removal thus implies an intent that the plaintiff is not the absolute master of the forum. Since Congress has by statute granted the defendant the right of removal, the will of Congress should be given effect. Moreover, the court has a positive duty to be vigilant in protecting the right to proceed in federal court. As the High Court has cautioned "Federal Courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in

the Federal court as to permit the state courts, in proper cases, to retain their own jurisdiction." *Wecker*, 204 U.S. at 186, 27 S.Ct. at 188. *See also State of Nebraska, ex parte*, 209 U.S. 436, 28 S.Ct. 581, 52 L.Ed. 876 (1908) (court has duty to determine whether state as plaintiff was real party in interest where presence of state would defeat removal based on diversity); *Gallagher v. Continental Ins. Co.*, 502 F.2d 827 (10th Cir.1974) ("transparent device" of making state a defendant was ignored for removal purposes).

As noted above, the doctrine of fraudulent joinder is appropriately invoked where the plaintiff knows the claim is groundless in law or fact. Applying a parallel principle in the federal question context, where it is clear that no cause of action can lie against the State, the presence of the State will be ignored for removal purposes. The Eleventh Amendment would therefore not operate as a bar to removal jurisdiction.

■ In the matter at bar, it is apparent that plaintiff cannot prevail on his third cause of action under 42 U.S.C. § 1983 against the State because the State is not a person within the meaning of the statute. *See Will v. Michigan Dept. of State Police*, — U.S. —, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Since binding authority establishes that a section 1983 claim cannot lie against the state, the fruitless joinder of the State under a section 1983 cause of action cannot be permitted to defeat the private defendants' efforts to remove.

■ In his second cause of action, plaintiff alleges against the State employees a claim predicated on 42 U.S.C. §§ 1981–86 and 1988. The cause of action is brought against the State employees in their individual and official capacities. A suit brought against an individual in her or his official capacity is a suit against the State.

---

**10.** Although not specifically applying the doctrine of fraudulent joinder, the court in *Milton R. Barrie Co., Inc. v. Levine,* 390 F.Supp. 475 (S.D.N.Y.1975), looked to whether the Securities Act claim was "baseless" and brought solely to oust removal jurisdiction.

**11.** *See Farmers Bank & Trust Co. of Hardinsburg, Ky. v. Atchison T. & S.F. Ry. Co.,* 25 F.2d

23 (8th Cir.1928) (fraudulent joinder of claims in FELA case).

**12.** *See Preston v. Grant Advertising, Inc.,* 375 F.2d 439 (5th Cir.1967) (fraudulent joinder of claims in Jones Act case).

*Kentucky v. Graham*, 473 U.S. 159, 165–66, 105 S.Ct. 3099, 3104–05, 87 L.Ed.2d 114 (1985). As previously discussed, there is no Eleventh Amendment abrogation for section 1983. It has also been held that there is no abrogation of the Eleventh Amendment for section 1981. *See e.g., Freeman v. Michigan Dept. of State*, 808 F.2d 1174 (6th Cir.1987); *Sessions v. Rusk State Hosp.*, 648 F.2d 1066 (5th Cir.1981); *Rucker v. Higher Educational Aids Bd.*, 669 F.2d 1179 (7th Cir.1982). The section 1981 cause of action would therefore preclude removal unless the State were fraudulently joined.

Unlike the section 1983 claim, however, it is not clear that the State is not the proper subject of a section 1981 claim. The Supreme Court's decision in *Will* is not controlling on this issue. The reference to "persons" in section 1981 refers to those who are protected by the statute. This is in contrast to section 1983 where "persons" references those proscribed from violation of the statute. Moreover, the derivation of the statutes is different. Section 1981 derives from the Civil Rights Act of 1866 and its purpose was to implement the Thirteenth Amendment. It was designed as an absolute bar to *"all* such discrimination, private as well as public, federal as well as state." *District of Columbia v. Carter*, 409 U.S. 418, 422, 93 S.Ct. 602, 605, 34 L.Ed.2d 613 (1973).[13] Section 1983 is rooted in section 1 of the Ku Klux Klan Act of 1871 which was passed to enforce the Fourteenth Amendment. As the High Court has observed, "[d]ifferent problems of statutory meaning are presented by two enactments deriving from different constitutional sources." *District of Columbia*, 409 U.S. at 423, 93 S.Ct. at 605, *citing In re Civil Rights Cases*, 109 U.S. 3, 3 S.Ct. 18, 27 L.Ed. 835 (1883). Thus, at least a colorable argument can be made that a section 1981 claim can lie against the State. *See e.g., Sethy v. Alameda County Water*

*Dist.*, 545 F.2d 1157 (9th Cir.1976) (distinguishing § 1981 from § 1983).

In determining whether the State has been fraudulently joined, the court must evaluate all factual allegations in the plaintiff's pleadings in the light most favorable to the plaintiff. *See Green v. Amerada Hess Corp.*, 707 F.2d 201 (5th Cir.1983). Section 1981 prohibits discrimination based on race in the formation of contracts. *See Patterson v. McLean Credit Union*, —— U.S. ——, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). In the case at bar, plaintiff has sufficiently alleged facts which would support a section 1981 cause of action.[14] Plaintiff alleges that one of the State employees interfered with plaintiff's ability to acquire a loan. *See* Complaint at para. 71. Plaintiff further alleges that as a result of the State employee's actions, he has lost the right to bid on contracts. *See* Complaint at para. 84. The State employee's interference was allegedly based on plaintiff's race. *See* Complaint at paras. 52, 71. These allegations appear to be sufficient to state a cause of action under section 1981. I cannot, therefore, find that the State has been fraudulently joined. Since the Eleventh Amendment bars this court from hearing this claim, the entire case must be remanded to state court.

## IV

### REMOVAL PURSUANT TO § 1441(c)

The remaining possible basis for removal is 28 U.S.C. § 1441(c), which provides:

Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all mat-

---

**13.** Although *Carter* is a section 1982 case, the common language of sections 1981 and 1982 has been consistently construed. *See, e.g., Tillman v. Wheaton–Haven Recreation Ass'n, Inc.,* 410 U.S. 431, 93 S.Ct. 1090, 35 L.Ed.2d 403 (1973); *Runyon v. McCrary*, 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976).

**14.** As I noted above in footnote 1, the amended complaint lodged with this court on December 1, 1989, in which plaintiff dropped his § 1981 cause of action, is irrelevant to the disposition of this matter.

ters not otherwise within its original jurisdiction.

As I explained in my proposed order remanding this case, removal under this section is also inappropriate.[15] I restate those reasons here.

The purpose of section 1441(c) is to limit removal jurisdiction. *See American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 10, 71 S.Ct. 534, 538, 95 L.Ed. 702 (1951). The crucial determination under section 1441(c) is whether a truly separate and independent cause of action is stated. The central understanding of *Finn* is that "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under section 1441(c)." *Id.* at 14, 71 S.Ct. at 540. Following *Finn*, the Ninth Circuit has noted that "a single wrong cannot be parlayed into separate and independent causes of action by multiplying the legal theories upon which relief is sought or by multiplying defendants against whom a remedy is sought for the same injury." *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir.1969). The complaint at bar alleges that the State defendants and the private defendants formed a conspiracy to force a minority-owned corporation out of business. In addition to the federal claims, plaintiffs allege several state common law claims for relief. Nonetheless, there is a single wrong to plaintiff—the loss of business—arising from a series of interlocked events. In sum, there are no separate and independent claims which would be removable if sued upon alone, and accordingly, there is no removal jurisdiction pursuant to 1441(c).

For all of the above reasons, the court concludes that this court lacks removal jurisdiction and accordingly, it is REMAND-

ED to the Sacramento County Superior Court.

IT IS SO ORDERED.

---

**15.** The plaintiff argues that in some unspecified way the State defendants are pendent parties, and because the court does not have pendent party jurisdiction, the case as to those defendants should be remanded to state court. Without pausing to examine the actual status of the State defendants, the court is satisfied that the argument will not lie. The plain language of section 1441(c) includes pendent parties, and the Ninth Circuit has so held. *See Watkins v.*

*Grover*, 508 F.2d 920 (9th Cir.1974); *Ely Valley Mines, Inc. v. Hartford Accident & Indemnity Co.*, 644 F.2d 1310, 1315 (9th Cir.1981). Moreover, because Congress has defined the scope of removal jurisdiction under 1441(c) to include pendent parties, the Supreme Court's decision in *Finley v. United States*, —— U.S. ——, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989), would *not seem to* require a different result.