**Barbara SIDERITS, Personal Representative of the Estate of Wilbur D. Siderits, Plaintiff,**

v.

**STATE OF INDIANA, Indiana Department of Transportation, et al., Defendants.**

No. 3:93–CV–493RM.

United States District Court, N.D. Indiana, South Bend Division.

Sept. 8, 1993.

R. McKinley Elliott, Mishawaka, IN and Arnold M. Fink, Southfield, MI, for plaintiff.

Tonya Aretz, Deputy Atty. Gen., Indianapolis, IN, for defendant # 1.

David Cerven, East Chicago, IN, for defendant # 2.

Michael C. Adley, Hammond, IN, for defendant # 4.

## MEMORANDUM AND ORDER

MILLER, District Judge.

This cause comes before the court on the motion of defendant State of Indiana Department of Transportation to remand or, alternatively, to dismiss. Plaintiff Barbara Siderits, as Personal Representative of the Estate of Wilbur D. Siderits, filed this action in a state court against the National Railroad Passenger Corporation ("Amtrak"), the State of Indiana Department of Transportation ("Indiana DOT"), Michiana Industrial Park, Inc., and Woodruff & Sons, Inc., alleging the wrongful death of her husband, Wilbur D. Siderits, as a result of a railroad grade crossing accident. Amtrak petitioned for removal on the basis of federal question jurisdiction, stating that the United States owns more than one-half of its capital stock. None of the other named defendants in the case have joined in Amtrak's petition for removal.

Although the court has jurisdiction over Amtrak [1], the court must remand this cause because this court lacks subject matter jurisdiction over defendant Indiana DOT pursuant to the Eleventh Amendment to the United States Constitution. Defects in the removal procedure further require that this cause be remanded to the state court.

---

1. 28 U.S.C. § 1349 provides: "The district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, *unless* the United States is the owner of more than one-half of its capital stock." (Emphasis added.)

## I. The Eleventh Amendment and Subject Matter Jurisdiction

 The Eleventh Amendment to the United States Constitution provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State...." The Eleventh Amendment invokes the principle of sovereign immunity, a constitutional limitation on the federal judicial powers established in Article III. "That a State may not be sued without its consent is a fundamental rule of jurisprudence." *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 98, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984) (quoting *Ex parte State of New York,* 256 U.S. 490, 497, 41 S.Ct. 588, 589, 65 L.Ed. 1057 (1921)). The Eleventh Amendment precludes a citizen of one state from bringing federal court suits against another state. 13 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3524, at 121 (1984). The Eleventh Amendment precludes such suit even where the case satisfies the requirements of federal question jurisdiction. *See Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 104 S.Ct. 900; *Simmons v. State of Cal., Dept. of Indus. Rel.,* 740 F.Supp. 781 (E.D.Cal.1990); 13 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3524, at 122–23. When a district court does not have original jurisdiction over the plaintiff's suit, it follows that the suit cannot be removed to the district court. *See, e.g., Simmons v. State of Cal., Dept. of Indus. Rel.,* 740 F.Supp. at 785.

 The immunity provided by the Eleventh Amendment extends to state governmental entities, including state agencies, 13 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3524, at 129; *Edelman v. Jordon,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).[2] "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."

*Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. at 100, 104 S.Ct. at 908.

 The courts consider numerous factors when determining whether immunity extends to state agencies, including whether the agency has state court immunity and the agency's powers vis-a-vis the state. The inquiry's focus is the agency's degree of autonomy and whether recovery against it would come from state funds. 13 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3524, at 134–36. "[W]hen the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit." *Ford Motor Co. v. Dept. of Treasury of Indiana,* 323 U.S. 459, 464, 65 S.Ct. 347, 350, 89 L.Ed. 389 (1945). When the state agency is merely the state's alter ego, courts will treat the agency as the state for purposes of the Eleventh Amendment. 13 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3524, at 136.

 As the Fifth Circuit has observed:

This section [28 U.S.C. § 1441] only authorizes the removal of actions that are within the original jurisdiction of the district court. Because a state agency is a defendant, the eleventh amendment bars the exercise of federal jurisdiction here. Accordingly, the action must be remanded to the state court where it was originally filed.

*McKay v. Boyd Const. Co.,* 769 F.2d 1084, 1086 (5th Cir.1985). Thus, the Eleventh Amendment prohibits suit in federal court against the Indiana DOT.

28 U.S.C. § 1447(c) provides that a removed case must be remanded if at any time before final judgment it appears that the district court lacks subject matter jurisdiction. Bits and pieces of the original state court suit cannot be removed. Therefore, this court must remand the entire case to the LaPorte Superior Court pursuant to 28 U.S.C. § 1447(c).

---

**2.** These have included highway and transportation departments. *Kardon v. Hall,* 406 F.Supp. 4 (D.Del.1975).

## II. *Removal is Defective*

■ Further, all defendants must join in the removal petition. *Chicago, Rock Island & Pac. Ry. Co. v. Martin,* 178 U.S. 245, 248, 20 S.Ct. 854, 855, 44 L.Ed. 1055 (1900); *Matter of Amoco Petroleum Additives Co.,* 964 F.2d 706, 711 (7th Cir.1992); *Thomas v. Shelton,* 740 F.2d 478, 483 (7th Cir.1984); *Northern Ill. Gas Co. v. Airco Indus. Gases,* 676 F.2d 270, 272 (7th Cir.1982); *Lang v. American Elec. Power Co.,* 785 F.Supp. 1331, 1333 (N.D.Ind.1992); *Fellhauer v. City of Geneva,* 673 F.Supp. 1445 (N.D.Ill.1987) (holding that where all defendants do not consent to removal, the district court must remand the case to state court). "The reference to 'the defendant or defendants' [in 28 U.S.C. § 1441] implies that all must join a petition to remove." *Matter of Amoco Petroleum,* 964 F.2d at 712.

28 U.S.C. § 1447(c) authorizes the district court to remand the petition for removal for defects in the removal procedure, including defects in the petition itself. "A petition is considered defective if it fails to explain why the other defendants have not consented to removal." *Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 368 (7th Cir.1993) (citing *Northern Ill. Gas Co. v. Airco Indus. Gases,* 676 F.2d at 272). "Removal is a statutory right, and the defendants must comply strictly with the procedures to effect removal." *Prowell v. West Chem. Prod., Inc.,* 678 F.Supp. 553, 554 (E.D.Pa.1988).

Amtrak is the only defendant to have petitioned the court for removal; the other defendants have not joined in the removal petition. Amtrak's petition for removal states that it "has not secured the consents of the defendants Michiana Industrial & Woodruff because no one has appeared on behalf of these defendants."[3] Further, Amtrak acknowledges that Indiana DOT will not consent to removal, and the Eleventh Amendment prohibits suit against Indiana DOT in federal court. Although there are a few exceptions to the rule that all defendants must consent to removal, none apply in this case.

■ First, nominal parties need not join in the removal petition. *Shaw v. Dow Brands, Inc.,* 994 F.2d at 369; *Matter of Amoco Petroleum,* 964 F.2d at 711; *Northern Ill. Gas Co. v. Airco Indus. Gases,* 676 F.2d at 272. "A defendant is nominal if there is no reasonable basis for predicting that it will be held liable." *Shaw v. Dow Brands, Inc.,* 994 F.2d at 369. Where the complaint makes the same allegations against the defendant petitioning for removal as those against the defendants who did not join in the petition for removal, however, none of the defendants can be considered nominal parties in relation to the petitioning defendant. *Lang v. American Elec. Power Co.,* 785 F.Supp. at 1333.

Ms. Siderits' complaint alleges the same facts against all named defendants. Thus, Amtrak's assertion that Indiana DOT is a nominal defendant must fail.

■ Second, defendants who were not properly served in the state court need not join in the removal petition. *Shaw v. Dow Brands, Inc.,* 994 F.2d at 369; *P.P. Farmers' Elevator Co. v. Farmers Elev. Mut. Ins. Co.,* 395 F.2d 546, 547–48 (7th Cir.1968). "As its name implies, the non-service exception [to joinder of all defendants] is clearly limited to cases in which the non-joining defendants had not been *served* in the state proceeding at the time the petition for removal was filed." *Prowell v. West Chem. Prod.,* 678 F.Supp. at 554. Mere allegations that the defendant had not entered an appearance leave open the possibility that the defendant was served, but simply had not yet appeared. *Prowell v. West Chem. Prod.,* 678 F.Supp. at 554.

In *P.P. Farmers' Elevator Co. v. Farmers Elev. Mut. Ins. Co.,* 395 F.2d 546, the defendant insurance company filed a petition for removal to the district court. The petition failed to state why the co-defendant New Amsterdam did not join in the petition, and failed to allege that service had not been made on New Amsterdam by the state court. 395 F.2d at 547. The Seventh Circuit directed the district court to remand the case to the state court. 395 F.2d at 548. The court

---

**3.** Defendant Michiana Industrial Park, Inc. appeared on August 20, 1993.

held that "[a]lthough this action was removable, the procedure used to effect removal was defective and plaintiff did not waive the defect." 395 F.2d at 548. Amtrak has not alleged in its petition for removal that any of the other defendants were not properly served by the state court.

■ Third, fraudulently joined parties need not join in a petition for removal. The Seventh Circuit has determined that a party has been fraudulently joined where "there is no possibility that plaintiff could establish a cause of action against [the defendant] in state court", *S.A. Auto Lube, Inc. v. Jiffy Lube Int'l, Inc.*, 842 F.2d 946, 950 (7th Cir. 1988) (citation omitted), or where the plaintiff has no chance of success against the defendant. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir.1992) (holding defendant fraudulently joined where plaintiff alleged no facts which would support a claim against the defendant). The record supports no inference that any defendant was fraudulently joined.

■ Fourth, an exception exists for "separate and independent" claims. 28 U.S.C. § 1441(c) provides in pertinent part that "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title [federal question] is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed." The Supreme Court adopted a strict view of the terms "separate and independent" in *American Fire & Casualty Ins. Co. v. Finn*, 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951): "[W]here there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." The Seventh Circuit has adopted a similar interpretation:

"It is well-settled that a claim is not 'separate and independent' if it arises from the same loss or actionable wrong.... Even if more than a single wrong exists, claims are not 'separate and independent' if the wrongs arise from an interlocked series of transaction, i.e., they substantially derive from the same facts."

*Lang v. American Elec. Power Co., Inc.*, 785 F.Supp. 1331, 1333 n. 4 (N.D.Ind.1992) (quoting *Lewis v. Louisville & Nashville R. Co.*, 758 F.2d 219, 221 (7th Cir.1985) (citations omitted)).

Here, Ms. Siderits has alleged essentially identical claims against all defendants, and has alleged that all defendants are liable in negligence for the railroad grade crossing collision. There is a single wrong to the plaintiff—Wilbur D. Siderits' wrongful death—arising from the railroad grade crossing collision. Thus, the complaint has not alleged any "separate and independent" claims against Amtrak.

■ In its memorandum in opposition to Indiana DOT's motion to remand, Amtrak asserts another exception to the rule requiring all defendants to join in the removal petition—the independent right to removal exception. This exception applies to defendants who would not be allowed to remove if they were the sole defendants in the cause of action. *See, e.g., Hill v. City of Boston*, 706 F.Supp. 966, 968 (D.Mass.1989). Amtrak contends that this exception obviates the need for Indiana DOT's joinder in the removal petition since the Eleventh Amendment prohibits suit against the states in federal court.

■ This contention confuses the inquiry. Suits against states may be removed provided the state waives its sovereign immunity and consents to the federal jurisdiction. The relevant inquiry is not whether the state would be allowed to remove, but rather, whether the state would exercise its right to waive its sovereign immunity and then remove. In other words, Indiana DOT is allowed to remove a civil action in which it is a defendant, but Indiana DOT must waive its sovereign immunity. Second, even if this exception could excuse the absence of joinder of Indiana DOT it fails to excuse the absence of joinder of the other defendants, Michiana Industrial Park, Inc. and Woodruff & Sons, Inc.

Because the procedure for removal of this cause of action was defective, in that all defendants did not join in the petition for

removal and no exceptions exist which would excuse joinder, the court must remand the action to the LaPorte Superior Court.

### III. *Conclusion*

For the foregoing reasons, the court hereby GRANTS the motion to remand filed by defendant State of Indiana Department of Transportation on August 5, 1993, and ORDERS this action be remanded to the LaPorte Superior Court No. 1.

SO ORDERED.