843 F.Supp. 564 (1994)
Kenneth W. COTTON, as Guardian Ad Litem for Shawn Thennis and Shannon Thennis, both minors; and Travis Thennis, Individually, Plaintiffs,
v.
STATE OF SOUTH DAKOTA By and Through the SOUTH DAKOTA DEPARTMENT OF SOCIAL SERVICES, and James W. Ellenbecker, its Secretary; and Kathy Stange and Paula Bierle, individually and in their official capacities with the South Dakota Department of Social Services, Defendants.
Civ. No. 93-4174.
United States District Court, D. South Dakota, S.D.
February 15, 1994.
*565 Thomas E. Alberts, Avon, SD, Lee A. Tappe, Platte, SD, for plaintiffs.
Eric N. Rasmussen, Brookings, SD, for defendants.

MEMORANDUM OPINION and ORDER
JOHN B. JONES, Chief Judge.

PROCEDURAL HISTORY
Plaintiffs filed this action in Circuit Court for the First Judicial Circuit of the State of South Dakota. Essentially, the complaint alleges that the Defendants knew, or should have known, that Shawn, Shannon, and Travis Thennis were the victims of physical and sexual abuse at the hands of their father and others. The complaint further alleges that Defendants had a duty to protect Shawn, Shannon, and Thennis from this abuse. Plaintiffs' claims against the Defendants are based on 42 U.S.C. § 1983 (1988) and state tort law. The complaint requests both compensatory and punitive damages, as well as prospective injunctive relief.
Defendants filed a Notice of Removal pursuant to 28 U.S.C. § 1441(b) (1988).
Plaintiffs then filed a Motion for Summary Dismissal of Petition for Removal or, in the Alternative, Motion to Remand. Plaintiffs contend that the entire action should be remanded to state court pursuant to 28 U.S.C. § 1447(c) (1988) because the Court does not have jurisdiction over this action due to Eleventh Amendment immunity.
Defendants counter by asserting that the Court should partially remand, by remanding only those claims it does not have jurisdiction over by virtue of Eleventh Amendment immunity, and that the Court should retain those claims over which the Court has jurisdiction. In essence, Defendants argue that the Court should remand all of the claims against the State of South Dakota and the South Dakota Department of Social Services; and also remand the § 1983 claim for monetary damages against the individual defendants in their official capacities. This would leave plaintiff's § 1983 claims for monetary and prospective injunctive relief against the individual defendants in their individual capacities, the state law claims against those defendants under pendent jurisdiction, and the claim for prospective injunctive relief pursuant to § 1983 against the individual defendants in their official capacities[1] pending *566 in this Court.
The Court agrees with Plaintiffs and for the following reasons remands the entire action to state court.

DISCUSSION

Eleventh Amendment
The dispute over removal and remand in this action arises by virtue of the Eleventh Amendment to the United States Constitution, which provides:
The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.
U.S. Const. amend. XI.
Even though not literally provided for by its language, the Eleventh Amendment has been construed to bar suits against unconsenting states brought by its own citizens in federal court. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98, 104 S.Ct. 900, 907, 79 L.Ed.2d 67 (1984) (citing Hans v. Louisiana, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890)). The Eleventh Amendment also shields unconsenting state agencies and departments from suit in federal court. Pennhurst, 465 U.S. at 100, 104 S.Ct. at 908. This bar to suit "applies regardless of the nature of the relief sought." Id.
When the suit is brought against state officials, a more in-depth analysis is required. Suits against state officials are barred "when `the state is the real, substantial party in interest.'" Id. at 101, 104 S.Ct. at 908 (quoting Ford Motor Co. v. Department of Treasury of Indiana, 323 U.S. 459, 464, 65 S.Ct. 347, 351, 89 L.Ed. 389 (1945)). Generally, a suit against state officials is considered a suit against the state "if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act." Pennhurst, 465 U.S. at 101 n. 11, 104 S.Ct. at 908 (citations and internal quotations omitted). Such a suit is barred regardless of the type of relief sought. Id. at 101-02, 104 S.Ct. at 908-09.
However, a suit which involves a violation of federal law by state officials is not considered to be a suit against the state. Id. at 102, 104 S.Ct. at 909. In such a situation, a federal court may award prospective injunctive relief, but not monetary damages.[2]Id. at 102-03, 104 S.Ct. at 909.
At oral argument Defendants' counsel cited Hankins v. Finnel, 964 F.2d 853 (8th Cir.), cert. denied sub nom., ___ U.S. ___, 113 S.Ct. 635, 121 L.Ed.2d 566 (1992), as authority for the proposition that, in limited circumstances, a state may be held to have impliedly waived its Eleventh Amendment immunity. Defendants' counsel appears to argue that this Court could hold that the State has impliedly waived its sovereign immunity, and as a result, this Court could hear and determine the entire action.
However, Defendants raise the Eleventh Amendment as an affirmative defense in their answer and they also contend in their brief in response to Plaintiffs' motion to remand that the Eleventh Amendment would bar certain claims by Plaintiffs. Defendants' arguments are incongruous.
On one hand, Defendants argue that at some point in the future this Court may hold that the State has impliedly waived its Eleventh Amendment immunity. On the other hand, the State continues to rely on Eleventh Amendment immunity as a defense.
At this point the Court will not speculate as to whether at some date in the future the State may be held to have impliedly waived its Eleventh Amendment immunity.

Remand
The burden of proof is on defendants to show that removal is proper. Bor-Son Bldg. Corp. v. Heller, 572 F.2d 174, 181 n. 13 (8th Cir.1978).
*567 There are essentially two lines of cases addressing removal and remand of an action when the Eleventh Amendment is implicated. One line of cases holds that the entire action must be remanded to state court. McKay v. Boyd Constr. Co., 769 F.2d 1084 (5th Cir.1985); Simmons v. California, Dep't of Indus. Relations, 740 F.Supp. 781, 785 (E.D.Cal.1990); Stephans v. Nevada, 685 F.Supp. 217 (D.Nev.1988) (court did not actually remand the case, but only because it found that the state was fraudulently joined, as there was no cause of action against the state); Keenan v. Washington Metro Area Transit Auth., 643 F.Supp. 324 (D.D.C.1986).
In the other line of cases, the courts remanded only those claims which federal courts are barred from hearing by the Eleventh Amendment, as well as state law claims, while retaining jurisdiction over federal claims which were not barred by the Eleventh Amendment. Henry v. Metropolitan Sewer Dist., 922 F.2d 332 (6th Cir.1990); Boyle v. City of Liberty, 833 F.Supp. 1436 (W.D.Mo.1993); Texas Hosp Ass'n v. National Heritage Ins. Co., 802 F.Supp. 1507 (W.D.Tex.1992).[3]
The deciding factor in all of these cases is the interpretation of "civil action" as contained in the removal statute, 28 U.S.C. § 1441 (1988). The statute states that removal is proper of "[a]ny civil action of which the district courts [of the United States] have original jurisdiction...." 28 U.S.C. § 1441(b). The key passage in the quoted subsection is "civil action".
The complete remand cases follow the Simmons interpretation of the term "civil action" in § 1441:
[C]ommon sense suggests it is the action which was filed in the state court. In this regard, it has been observed that the phrase "civil action" in the statute "denotes the entirety of the proceedings in question, not merely" claims or parties.
Simmons, 740 F.Supp. at 786 (quoting Arango v. Guzman Travel Advisors Corp., 621 F.2d 1371, 1376 (5th Cir.1980)). See also Fed.R.Civ.P. 2: "There shall be one form of action to be known as `civil action'".
The Simmons court stated that "it is clear that, ... in the absence of a waiver, a federal court does not have the power to entertain suits governed by the provisions of the Eleventh Amendment. In sum, this court does not have original jurisdiction over suits such as the instant suit against the state." Simmons, 740 F.Supp. at 785. The court then held: "Since this court does not have original jurisdiction to entertain plaintiff's suit against the state, it follows that the suit cannot be removed to this court." Id.
The court then responded to defendant's partial remand argument by stating that "the removal statute does not countenance the removal of bits and pieces of cases." Simmons, 740 F.Supp. at 786; but see Texas Hosp. Ass'n, 802 F.Supp. at 1515.
If a case is removed pursuant to 28 U.S.C. § 1441(c), the statute expressly provides the court with discretion to either completely or partially remand. If this case was an action which could be and was removed under 28 U.S.C. § 1441(c), the Court would have the option of complete or partial remand. However, such is not the situation. This action was removed pursuant to 28 U.S.C. § 1441(b) and remand in this instance is governed by 28 U.S.C. § 1447(c). It is significant to note that "[u]nlike § 1441(c), § 1447(c) does not leave a court with discretion to remand only part of an action." Wilson v. New York Terminal Warehouse Co., 398 F.Supp. 1379, 1383 (M.D.Ala.1975).
It would be a gross misuse of judicial resources and an unnecessary expense to all litigants to have this case tried twice, once in state court against these Defendants acting in their official capacities and again in this Court against the same Defendants acting in their individual capacities. It also seems clear that under such circumstances there would be no reasonable basis for this Court trying the pendent state claims as opposed to their being tried in state court. Also, it is *568 not clear at this time whether the requested injunctive relief under § 1983 would impact the state treasury. Moreover, it is pure speculation to say that this Court may hold in the future that the State has impliedly waived its Eleventh Amendment immunity. All of these factors suggest strongly that this case should be remanded to state court.
Furthermore, the right to removal is statutory and is to be strictly construed. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); Bradley v. Maryland Casualty Co., 382 F.2d 415, 419 (8th Cir.1967). If the propriety of removal is doubtful, the case is to be remanded. Id.; Smith v. St. Luke's Hosp., 480 F.Supp. 58 (D.S.D.1979); 14A Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3739 at 584 (citing cases). The basis for this rule is "the inexpediency, if not unfairness, of exposing the plaintiff to the possibility that he will win a final judgment in federal court, only to have it determined [on appeal] that the court lacked jurisdiction." 14A Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3721 at 218 (and cases cited therein).
Plaintiff has requested attorneys' fees and costs incurred in responding to Defendants' petition for removal. Under § 1447(c), the Court has discretion to award such sanctions if it finds that it was improper for defendants to have removed this case.
The issues presented in this action are identical to the issues decided by this Court in DeBoer v. South Dakota, Civ. 93-4021 (D.S.D. July 6, 1993). The ruling in that action was not appealed. Counsel representing Defendants in this action also represented the defendants in DeBoer. Defendants in this action filed their petition for removal on October 20, 1993, over three months after the DeBoer decision.
The Court finds that when Defendants filed their petition for removal, the DeBoer decision was the law of this District and Defendants had actual knowledge of that ruling. For those reasons, the Court awards Plaintiffs attorneys' fees in the amount of $500 as well as taxable costs.
Therefore, upon the record herein,
IT IS ORDERED:
(1) That Plaintiffs' Motion for Summary Dismissal of Petition for Removal or, in the Alternative, Motion to Remand, Doc. 9, is granted as to the Motion to Remand and denied as to the Motion for Summary Dismissal.
(2) That Plaintiffs' request for attorneys' fees and costs incurred in responding to Defendants' petition for removal is granted and the Clerk is directed to enter judgment in favor of the Plaintiffs for attorneys' fees in the amount of $500, plus taxable costs in this Court.
NOTES
[1] However, the Eleventh Amendment would bar this Court from imposing injunctive relief against the individual defendants in their official capacities if the effect of the injunction would impact the state treasury. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101 n. 11, 104 S.Ct. 900, 908 n. 11, 79 L.Ed.2d 67 (1984).
[2] However, if the claim for relief against a state official, whether monetary or injunctive, is based on a violation of state law, a federal court is barred from hearing such a claim. Pennhurst, 465 U.S. at 106, 117, 124-25, 104 S.Ct. at 911, 917, 921.
[3] The court in Texas Hosp. Ass'n recognized three lines of cases addressing this issue. However, the "third" line of cases cited by that court does not shed any real light as to how the dispute over complete or partial remand should be resolved. For that reason, I will analyze the two line of cases set out above.