Carl ROBINSON, Plaintiff,

v.

STATE OF CALIFORNIA, et al., Defendants.

No. C 93–3206 BAC.

United States District Court, N.D. California.

Nov. 10, 1993.

Frank J. Christy, Jr., Brayton, Gisvold & Harley, Novato, CA, for plaintiff.

Kay K. Yu, Deputy Atty. Gen., Atty. Gen. of the State of Cal., San Francisco, CA, for defendants.

## ORDER REMANDING ACTION

CAULFIELD, District Judge.

The parties to this action are before the court on defendants' motion to dismiss plaintiff's complaint and plaintiff's motion to remand this case to the California Superior Court. Upon consideration of the briefs and declarations filed in support of and in opposition to these motions, and good cause appearing therefrom, plaintiff's motion to remand is GRANTED. In light of this order remanding this matter back to state court, the court will not address defendants' motion to dismiss.

## BACKGROUND

This is an action for damages arising from the alleged failure of defendants to provide plaintiff with medical care during a six-day period while he was incarcerated at San Quentin State Prison. Plaintiff was allegedly attacked by fellow inmates on August 28, 1991, resulting in his being slammed to the ground and causing a hyperextension injury. Following the incident, plaintiff was placed under the care of Neumiller Hospital and various doctors and medical personnel employed by the state. Plaintiff's complaint alleges that defendants failed to treat plaintiff properly for six days despite evidence that plaintiff was unable to move, care for or feed himself.

Plaintiff filed the complaint in this action in the California Superior Court on July 23, 1992. Following an order granting plaintiff's motion for leave to amend, plaintiff filed a first amended complaint in this action on August 4, 1993. The amended complaint, based on the same facts and injuries which were the subject of the original complaint, added a cause of action pursuant to 42 U.S.C. § 1983 against the individual defendants. The amended complaint further added allegations and a prayer for punitive damages against the individual defendants. On August 30, 1993, all defendants served upon plaintiff a Notice of Removal of this action to this court.

### A. Eleventh Amendment Immunity

■ Defendants appear to concede that plaintiff's claims against the state must be remanded to state superior court. However, defendants suggest that this court dismiss the claims against the state because the real parties in interest are the individual defendants, and that no authority exists for the negligence claims against the state.

■ The Eleventh Amendment speaks to this court's power or jurisdiction to hear claims against the state. *Simmons v. State of Cal. Dept. of Indus. Rel.,* 740 F.Supp. 781, 785 (E.D.Cal.1990). As this court lacks jurisdiction to hear plaintiff's claims against the state, the court is powerless to entertain defendants' various arguments regarding dismissal. As noted in a number of cases addressing this issue, including one of the cases relied upon by defendants in opposition to the motion to remand, when this court lacks jurisdiction over an action by virtue of the Eleventh Amendment, the appropriate remedy is not dismissal, but remand to state court. *Texas Hospital Assn. v. National Heritage Ins. Co.,* 802 F.Supp. 1507, 1512–1513 (W.D.Tex.1992). Accordingly, plaintiff's claims against the state are remanded to the state superior court.

### B. Plaintiff's Remaining Claims

■ The next question is whether this court should remand the remainder of plaintiff's claims to the state court. Authority is divided regarding the necessity to remand an entire action when the court lacks jurisdiction over a portion of the action. One line of cases flows from the Fifth Circuit Court of Appeal's ruling in *McKay v. Boyd Construction Co. Inc.,* 769 F.2d 1084 (5th Cir.1985).

In *McKay,* an out-of-state plaintiff filed suit against the state of Mississippi and a construction company. The district court dismissed the state plaintiff and granted summary judgment in favor of the construction company. The Fifth Circuit reversed and ordered the district court to remand the entire action to state court. *Id.* at 1088.

Using a common sense interpretation of 28 U.S.C. § 1441, the *Simmons* court held that a remand order cannot be limited to just part of an action, but must include the entire complaint. Specifically, the *Simmons* court relied upon language from § 1441(a) which provides that "any *civil action* brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant." The *Simmons* court reasoned that in order to be removed, the district court must have jurisdiction over the "civil action," not claims included in a particular action. Thus, as the court lacks jurisdiction over the state, the court does not have jurisdiction over the "civil action." The *Simmons* court specifically rejected the individual defendants' arguments that the court should retain jurisdiction over the remainder of plaintiff's federal claims, holding: "The removal statute does not countenance the removal of bits and pieces of cases."

The other line of cases follow *McKay* and reject the reasoning of the *Simmons* court. In *Texas Hospital Assn.,* 802 F.Supp. 1507, the court remanded those portions of the complaint over which it lacked jurisdiction by virtue of the Eleventh Amendment, but retained those portions of the complaint over which it had original jurisdiction. While recognizing that the *Simmons* court's interpretation of § 1441(a) makes sense from a "very literal, and somewhat mechanical, manner," the court nonetheless rejected the reasoning for three reasons. First, if the case had originally been filed in federal court, the district court would have retained jurisdiction over the claims not barred by the Eleventh Amendment, and dismissed those claims over which it lacked jurisdiction. Second, while § 1441 "does not countenance the removal of bits and pieces of cases," *Simmons,*

740 F.Supp. at 786–87, it does not generally preclude the court from remanding parts of the case which the court views are best decided by the state court. Third, the *Texas Hospital Assn.* court relied upon its interpretation of Supreme Court precedent which displayed a strong preference to have federal rights vindicated in federal courts. *Texas Hospital Assn.,* 802 F.Supp. at 1515–16.

Upon review of the applicable authorities, this court views that the more persuasive reasoning is found in the *Simmons* case. As to the *Texas Hospital Assn.* court's first point, while this court clearly could have dismissed those claims barred by the Eleventh Amendment and retained the remainder of plaintiff's claims had this matter originally been filed in this court, the fact of the matter is that the action was not filed in federal court. The parties are before this court because defendants removed plaintiff's complaint to this court. Accordingly, the court is obligated to decide the motion to remand, not based on what the court would have done if the matter was originally filed in this court, but on whether it was properly removed to federal court.

 It is immaterial that this court would have had the authority to remand parts of the action to state court if it so chose. As plaintiff properly points out, § 1441(a) provides for the removal of an action when a federal court would have had original jurisdiction over the action. Section 1441(a) does not speak to judicial economy or abstention issues, but to jurisdiction. Therefore, in the estimation of this court, it is immaterial whether or not this court would have had the authority to remand certain portions of plaintiff's complaint for reasons of efficiency. The issue is not whether this court can refrain from exercising jurisdiction over portions of plaintiff's claims, but whether this matter was properly removed to this court. The *Simmons* court's interpretation of § 1441(a) is persuasive. As this matter could not be removed if the court lacked jurisdiction over any portion of plaintiff's complaint, it is appropriate to remand the entire action to state court.[1]

1. As the court views that removal is improper

where, as here, the court lacks jurisdiction over

Finally, even the case principally relied upon by defendants, *Texas Hospital Assn.*, recognized that judicial economy and convenience support a remand of the entire case. That court, however, retained jurisdiction over the claims not subject to the Eleventh Amendment bar out of a concern for comity and fairness. The court specifically noted that the plaintiffs' claims against the individual defendant involved "a federal statute under which federal funds are disbursed to states." The court stressed that " 'Congress always intended that health care providers be able to sue in federal court for injunctive relief to insure that they were reimbursed according to reasonable rates.' " *Id.* at 1517 (citation omitted).

Defendants here have failed to provide any reason why this court should retain jurisdiction over the remaining claims. Plaintiff's complaint in this action essentially asserts negligence claims. The claims against the state and the individual defendants are intertwined. There is no special federal concern which mandates retention of the remaining claims.

## ORDER

For the foregoing reasons, the court orders as follows:

1. Plaintiff's motion to remand is GRANTED.

2. Plaintiff's motion for sanctions is DENIED. Under the facts and law presented here, it cannot be said that defendants' removal of this action constitutes bad faith.

3. The Clerk of the Court is directed to close the file in this action. ›

IT IS SO ORDERED.

---

any portion of plaintiff's complaint, the court need not address the third issue raised by the

*Texas Hospital Assn.* court in response to *Simmons.*