Kien Chung TA and Stephen
Fisher, Plaintiffs,

v.

Robert E. NEIMES, M.D., Hugh N. Keel, Sam Glanney, Garry Woo, Individually and in their Official Capacities, Texas Center for Infectious Disease, San Antonio State Chest Hospital, and Texas Department of Health, Defendants.

Civil Action No. SA–95–CA–699.

United States District Court,
W.D. Texas,
San Antonio Division.

May 22, 1996.

James C. Harrington, Texas Civil Rights Project, Austin, TX, for plaintiffs.

Nancy A. Trease, Assistant Attorney General, Austin, TX, for defendants.

ORDER CONCERNING REMAND
To STATE·COURT

BIERY, District Judge.

Before the Court is plaintiffs' motion to sever and remand the state law claims because of the Eleventh Amendment. An opportunity is presented to analyze two seemingly divergent lines of cases: one line requiring remand of the entire cause of action when any of the claims are barred by the Eleventh Amendment and the other line requiring remand of the barred claims only. For the reasons stated below, the entire case is remanded to state court.

On July 25, 1995, plaintiffs filed an original petition in state court seeking declaratory, injunctive, and monetary relief for the deprivation of their constitutional rights under color of law in violation of the Fourteenth Amendment to the United States Constitution and Article I, Sections 3, 3a, and 19, of the Texas Constitution, for tortious acts under Texas law, and for deprivation of plaintiffs' rights under the Americans with Disabilities Act. Both plaintiffs were involuntarily committed to the San Antonio State Chest Hospital (currently known as the Texas Center for Infectious Disease and referred to herein as "Chest Hospital") and claim they were injured because of the conditions at the hospital and the treatment received during their confinement.

Defendants filed their notice of removal on August 7, 1995. Defendants assert removal is proper pursuant to 28 U.S.C. § 1331 and § 1441(b). On August 28, 1995, defendants filed their motion to dismiss or for more definite statement. Within the motion, defendants contend certain causes of action are barred by the Eleventh Amendment to the United States Constitution. In response, plaintiffs filed an unopposed motion requesting this Court to sever the state law claims and remand same to state court because of the Eleventh Amendment bar.

**THE ELEVENTH AMENDMENT**

The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. Although the plain language of the Eleventh Amendment does not so state, the amendment has been "interpreted to bar a suit by a citizen against the citizen's own State in Federal Court." *Johns v. Stewart,* 57 F.3d 1544, 1552 (10th Cir.1995) (quoting *AMISUB (PSL), Inc. v. State of Colorado Dep't of Social Servs.,* 879 F.2d 789, 792 (10th Cir. 1989), *cert. denied,* 496 U.S. 935, 110 S.Ct. 3212, 110 L.Ed.2d 660 (1990) and referred to as the "Hans Doctrine," *Hans v. State of Louisiana,* 134 U.S. 1, 10, 10 S.Ct. 504, 505, 33 L.Ed. 842 (1890)). Therefore, if a citizen of a state files suit against the state or one of its agencies, that suit is barred by the Eleventh Amendment regardless of the relief sought, whether legal or equitable. *Johns,* 57 F.3d at 1552. However, a suit brought "to prospectively enjoin a state official from violating federal law" is not barred by the Eleventh Amendment and may be brought in federal court. *Id.* (referred to as the *Ex parte Young* exception, *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908)). The *Ex parte Young* exception empowers federal courts to prevent or stop state officials from committing continuing violations of federal law. *Green v. Mansour,* 474 U.S. 64, 68, 106 S.Ct. 423, 425–26, 88 L.Ed.2d 371 (1985). The availability of this prospective relief for continuing violations is "necessary to vindicate the federal interest in assuring the supremacy of that law." *Id.* However, when there is no "ongoing violation of federal law, a suit against a state officer—a suit the decision of which will as a practical matter bind the state—should be treated for what it

is: a suit against the state." *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir.1995) (quoting *Green*, 474 U.S. at 66, 106 S.Ct. at 424–25 and *Watkins v. Blinzinger*, 789 F.2d 474, 484 (7th Cir.1986), *cert. denied*, 481 U.S. 1038, 107 S.Ct. 1976, 95 L.Ed.2d 816 (1987)).

In the petition filed in state court, plaintiffs sued (1) Robert E. Neimes, M.D., the director of the Chest Hospital until September 1993, individually and in his official capacity as the supervisor of all hospital staff and as agent, servant and employee of the Chest Hospital; (2) Hugh N. Keel, the chief administrative officer of the Chest Hospital from October 25, 1993 until June 2, 1995, individually and in his capacity as supervisor of all hospital staff, and as agent, servant, and employee of the Chest Hospital; (3) Sam Glanney, the acting chief administrative officer for the Chest Hospital, individually and in his official capacity; (4) Garry Woo, M.D., plaintiffs' attending physician at the Chest Hospital, individually and in his official capacity as agent, servant, and employee of the Chest Hospital and the person responsible for assessing the plaintiffs' medical conditions and ordering treatment; (5) San Antonio State Chest Hospital, an agency of the State of Texas, and a public entity for purposes of the ADA; and (6) the Department of Health, which administers and enforces rules and bylaws relating to the management of the Chest Hospital. The petition alleges the Department of Health was acting as an agent of the State of Texas. Plaintiffs assert all defendants "were acting under color of law and pursuant to their legal authority."

In their original petition, plaintiffs allege all defendants had "a duty to see that they received safe, adequate, and humane treatment." Plaintiffs claim the defendants, under color of law and the authority of the State of Texas, "intentionally, negligently, and with complete and deliberate indifference to Plaintiffs' clearly established constitutional rights, deprived them of their rights to reasonably safe conditions of confinement, freedom from unreasonable physical restraint, bodily integrity, and freedom from cruel and unusual punishment under the Due Process Clause of the Fourteenth Amendment." Defendants also violated Mr. Ta's right to refuse medication and deprived Mr. Fisher of his right to appropriate treatment. Plaintiffs also contend the defendants wrongfully denied Mr. Ta's constitutional rights in violation of the Equal Protection Clause of the Fourteenth Amendment by failing to provide care and treatment in a language and format understandable to him. These same claims also form causes of action under the Texas Constitution and the Texas Health and Safety Code.

In addition to these claims, plaintiffs allege causes of action under Texas law for false imprisonment, battery, and the Texas Tort Claims Act. The concluding allegation concerns defendants' discrimination against plaintiffs by failing to reasonably accommodate their disabilities and depriving them of the full enjoyment of services, facilities, privileges, advantages, and accommodations in violation of Title II of the Americans with Disabilities Act (ADA).

Plaintiffs seek injunctive relief · because they believe there is a possibility their tuberculosis will recur and if it does, they likely will be involuntarily recommitted for treatment. Unless injunctive relief is granted, plaintiffs believe there is a substantial probability they will suffer irreparable injury for which there is no adequate remedy at law. In their prayer for relief, plaintiffs seek: (1) declaratory judgment that defendants violated plaintiffs' constitutional rights, (2) permanent injunction preventing defendants from failing to provide the proper care and treatment to patients, (3) judgment against all defendants, jointly and severally, for damages sufficient to compensate them for their injuries, (4) judgment against Dr. Woo individually for punitive damages, and (5) attorney's fees.

Defendants filed a notice of removal based on 28 U.S.C. § 1331 and 28 U.S.C. § 1441(b), and after removal, filed their motion to dismiss or for more definite statement.[1] In

1. The first motion was filed August 28, 1995. A second motion was filed October 23, 1995. Plaintiffs filed one response and an advisory to the Court stating that because defendants' second motion was very similar to the first and merely corrected typographical errors and other

their motion, defendants assert all claims against the state and individual defendants in their official capacity are barred except for those for prospective injunctive relief. Defendants also claim the Eleventh Amendment bars all of plaintiffs' causes of action based on state law.

■ In response to defendants' motion to dismiss, plaintiffs filed a first amended complaint and a written reply. In the reply, plaintiffs state they have amended their complaint which they claim "makes clear" they are suing the state agency defendants only for violations of the ADA and Section 504 of the Rehabilitation Act of 1973,[2] the individual defendants are being sued for all causes of action except for the ADA and § 504, and the non-prospective relief being sought pursuant to § 1983 is limited to the defendant individuals. Plaintiffs also filed an unopposed motion to sever the state law claims and remand same to state court thereby rendering moot the Eleventh Amendment argument. Although the motion for leave to file the first amended complaint has not been granted, this Court has reviewed the amended complaint and is not convinced the changes "make clear" the capacities in which the defendants are being sued for the various causes of action asserted.[3] *See Wells v. Brown*, 891 F.2d 591, 593 (6th Cir.1989) (because Eleventh Amendment places jurisdictional limit on federal courts in civil rights cases against states and state employees, rule 9(a) of Federal Rules of Civil Procedure

requires plaintiffs to properly allege capacity in their complaint). Moreover, for removal purposes, federal courts, in most cases, "base decisions about subject matter jurisdiction after removal on the plaintiff's complaint as it existed at the time that the defendant filed the removal petition." *Kidd v. Southwest Airlines, Co.*, 891 F.2d 540, 547 (5th Cir. 1990); *see Spencer v. New Orleans Levee Board*, 563 F.Supp. 1352, 1355 (E.D.La.1983) (court precluded from creating jurisdiction through amendment where jurisdiction did not exist initially). Therefore, contrary to plaintiffs' assertion, the Eleventh Amendment issue has not been rendered moot, and in doing its own research on this issue, the Court has found divergent views concerning whether a full or partial remand is in order.

## FULL OR PARTIAL REMAND

As evidenced by defendants' motion to dismiss and plaintiffs' unopposed motion to remand the state law claims, the parties recognize some of the claims brought in this action are barred by the Eleventh Amendment. In the removal context, there appear to be two different views as to the jurisdiction of this Court when the Eleventh Amendment bars some but not all asserted claims. One view requires the district court to have original jurisdiction over all claims being removed and if one claim or defendant is barred by the Eleventh Amendment, the entire case must be remanded. The other view remands only those claims barred by the Eleventh

---

technical problems, their original response was to be considered as a response to the second motion.

2. Plaintiffs added a cause of action under section 504 of the Rehabilitation Act of 1973 in their first amended complaint which was received on September 21, 1995.

3. In their reply to the motion to dismiss, plaintiffs state the amended complaint "makes clear that state agency Defendants are sued solely pursuant to the ADA and § 504 for both prospective and non-prospective relief. Individual Defendants are sued pursuant to all causes of action alleged except for ADA and § 504." However, in the prayer for relief, plaintiffs request damages from defendant Neimes, Keel and Woo jointly and severally without stating in what capacity they are being sued and specifically requests judgment against "all Defendants, jointly and severally, for damages sufficient to compensate

them for their injuries resulting from the deprivation of their rights under the ADA and § 504." Moreover, all federal causes of action are asserted against "Defendants" without any further explanation except the actions were "done under color of law and the authority of the State of Texas." An assertion that an official was acting under color of law has been found to permit an assumption that the individual is being sued in his official capacity and only in that capacity. *See Bailey v. Wictzack*, 735 F.Supp. 1016, 1019 (M.D.Fla.1990) (plaintiff never asserted defendant acted individually; complaint that alleges conduct of official acting under color of law ordinarily allows assumption suit only in official capacity). In the original petition, plaintiffs sue the individual defendants in their individual capacities but never allege any facts as to that capacity.

Amendment. *Cotton v. South Dakota,* 843 F.Supp. 564, 567 (D.S.D.1994); *cf. Texas Hosp. Ass'n v. National Heritage Ins. Co.,* 802 F.Supp. 1507, 1513 (W.D.Tex.1992) (three lines of cases: one—remand entire case if one claim or defendant barred by Eleventh Amendment, two—only claims barred by Eleventh Amendment remanded, three—full or partial remands granted but confusion as to why it was done).[4]

The only Fifth Circuit case addressing this Eleventh Amendment issue remanded the entire action to state court when the court did not have jurisdiction over both parties. *McKay v. Boyd Constr. Co., Inc.,* 769 F.2d 1084, 1087 (5th Cir.1985). In *McKay,* the Mississippi State Highway Commission contracted with Boyd Construction Company for the construction of a bridge. Plaintiff McKay was seriously injured when the car in which he was riding struck the abutment of the bridge. Plaintiff complained the abutment was only 23 inches from the lane of traffic, the road approaching the bridge was negligently constructed which caused vehicles to drift towards the abutment, and defendants violated federal regulations by failing to erect a guardrail to prevent a collision with the abutment. The action was filed in state court and removed by defendant Boyd. The district court granted defendant Boyd's motion for summary judgment and the Commission's motion to dismiss. On appeal, the Fifth Circuit did not reach the merits of the case because the suit "did not fall within the limited jurisdiction of the district court.... [b]ecause a state agency is a defendant, the eleventh amendment bars the exercise of federal jurisdiction here." *Id.* at 1086.

The *McKay* court found the presence of the state agency required the action against Boyd to be remanded. The reasoning for the decision was as follows:

> In cases where removal is precluded by the presence of a nondiverse defendant, we have held that the defendant seeking removal cannot have the nondiverse party dismissed from the action unless the district court can ascertain that the state

court would find that the complaint does not state a cause of action against the party whose dismissal is sought. We see no reason why a different rule would apply where the codefendant's presence bars federal jurisdiction because of the eleventh amendment. (Citations omitted.)

*Id.* at 1087. The court found defendant Boyd could only remove the case if he could satisfy the prerequisites of 28 U.S.C. § 1441(c) which allows removal of a claim if it is "separate and independent" from the nonremovable claim. Because plaintiff's complaint sought to hold defendants jointly liable for the injuries sustained, the claim against Boyd could not be separated from that against the state agency. The case was remanded to the district court with instructions for remand to state court "from which it was improvidently removed pursuant to 28 U.S.C. § 1447(c)." *Id.* at 1088.

The *McKay* decision has been followed by other courts in subsequent decisions. *Frances J. v. Wright,* 19 F.3d 337 (7th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 204, 130 L.Ed.2d 134 (1994); *Cotton v. South Dakota,* 843 F.Supp. 564 (D.S.D.1994); *Robinson v. California,* 836 F.Supp. 717 (N.D.Cal.1993); *Simmons v. California,* 740 F.Supp. 781 (E.D.Cal.1990); *see Estate of Porter v. Illinois,* 36 F.3d 684, 691 (7th Cir.1994) (affirming decision in *Frances J.* holding removal of case to federal court improper where it contains claims barred by sovereign immunity); *see also* DAVID HITTNER ET AL., RUTTER GROUP PRAC. GUIDE: FED.CIV.PRO. BEFORE TRIAL, at § 2.605.1 & § 2:847.1 (5th Cir. ed. 1995) (civil action means whole action must be removable; 11th Amendment "held to bar federal jurisdiction where any claim is subject to the 11th Amendment"). However, the *McKay* decision has been rejected by the Ninth and the Sixth Circuits as well as by a district court in the Western District of Texas. *Kruse v. Hawaii,* 68 F.3d 331 (9th Cir.1995); *Henry v. Metropolitan Sewer Dist.,* 922 F.2d 332 (6th Cir.1990); *Texas Hosp. Ass'n v. National Heritage Ins. Co.,* 802 F.Supp. 1507 (W.D.Tex.1992). The Eighth Circuit Court

---

**4.** Even without adding the removal issue to the mix, the Fifth Circuit has recognized the "Mysteries of the Eleventh Amendment" and confusion among lawyers and judges alike in its application. *Brennan v. Stewart,* 834 F.2d 1248, 1251–54 (5th Cir.1988).

has not ruled on the issue, but its district courts are divided: one district court followed the *McKay* decision while another district court followed the *Henry* decision. *Cotton v. State of South Dakota*, 843 F.Supp. 564, 567–68 (D.S.D.1994) (remand of entire case); *Boyle v. City of Liberty*, 833 F.Supp. 1436, 1453 (W.D.Mo.1993) (agrees with cases holding remand of barred claims only and not entire case appropriate; relying on *Henry* decision). Thus, there is no clear resolution of the issue.

In *Henry v. Metropolitan Sewer Dist.*, the court found the jurisdictional bar of the 11th Amendment "did not divest the district court of subject matter jurisdiction over the plaintiff's individual capacity claim." *Henry*, 922 F.2d at 338. The court recognized both the Supreme Court and other United States courts of appeal have considered the merits of claims not barred by the Eleventh Amendment even when barred claims were present, citing *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S.Ct. 3057, 3057–58, 57 L.Ed.2d 1114 (1978), and *Roberts v. College of the Desert*, 870 F.2d 1411, 1415 (9th Cir.1988). In addition, the court relied on an implicit recognition in *Cowan v. University of Louisville School of Medicine*, 900 F.2d 936, 940–43 (6th Cir. 1990),[5] that "the inclusion of a claim barred by the eleventh amendment does not divest the district court of jurisdiction over individual capacity claims upon removal." *Henry*, 922 F.2d at 339. Following these assertions, the court set forth the *McKay* decision and held "[t]o the extent that *McKay* forecloses consideration of claims unaffected by the eleventh amendment in favor of remand pursuant to 28 U.S.C. § 1447(c), we reject its analysis as fundamentally incompatible with *Pugh* and *Pennhurst II.*"

In reviewing the authorities relied upon in *Henry*, this Court notes the *Pugh, Roberts,* and *Pennhurst II* decisions did not discuss or pertain to cases removed from state court.

In *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 92, 104 S.Ct. 900, 903–04, 79 L.Ed.2d 67 (1984) (referred to herein as *Pennhurst II* ), the action originated in federal court. The Court noted that generally, "when a federal court obtains jurisdiction over a federal claim, it may adjudicate other related claims over which the court otherwise would not have jurisdiction." *Pennhurst II*, 465 U.S. at 117, 104 S.Ct. at 917. The question presented was whether the pendent jurisdiction doctrine also displaced the "explicit limitation on federal jurisdiction contained in the Eleventh Amendment." *Id.* at 117, 104 S.Ct. at 917. The Court found in cases in which relief was granted against state officials on the basis of state-law claims pendent to federal constitutional claims, no mention was made concerning the Eleventh Amendment and it appeared that the courts assumed to have jurisdiction. *Id.* at 118, 104 S.Ct. at 917–18. The Court explained, "[W]hen questions of jurisdiction have been passed on in prior decisions *sub silentio*, this Court has never considered itself bound when a subsequent case finally brings the jurisdictional issue before us." *Id.* at 119, 104 S.Ct. at 918 (quoting *Hagans v. Lavine*, 415 U.S. 528, 533 n. 5, 94 S.Ct. 1372, 1377 n. 5, 39 L.Ed.2d 577 (1974)). The implicit view seemed to be that once jurisdiction was established based on federal question, no further inquiry into the Eleventh Amendment was necessary concerning other claims raised in the case. However, the Court found this view erroneous and "contrary to the principles established in our Eleventh Amendment decisions." *Id.* at 119, 104 S.Ct. at 918.

As the Supreme Court explained, the Eleventh Amendment bars a court from hearing even federal claims normally within the jurisdiction of a federal court. As the Court stated:

5. In *Cowan,* plaintiff filed his first suit in state court and then instituted a second action in federal court based on the allegations contained in his state court complaint. *Cowan,* 900 F.2d at 940. The first case was removed and consolidated with the second, and ultimately, the district court found the plaintiff's action against the University of Louisville to be barred by the Eleventh Amendment, two other defendants were entitled

to qualified immunity, and the state claims were not addressed. On appeal, the district court's decision was affirmed, and the court found the two individual defendants were acting in their official capacities only—thus those claims were also barred by the Eleventh Amendment. The case was remanded for the limited purpose of allowing the district court to clarify its ruling on the pendent state claims. *Id.* at 943.

In sum, contrary to the view implicit in decisions such as *Greene v. Louisville & Interurban R. Co.*, 244 U.S. 499 [37 S.Ct. 673, 61 L.Ed. 1280] (1917), neither pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment. A federal court must examine each claim in a case to see if the court's jurisdiction over that claim is barred by the Eleventh Amendment.

*Id.* at 121, 104 S.Ct. at 919. Based on this last sentence, the court in *Henry* determined it could address claims not barred by the Eleventh Amendment. *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332, 338–39 (6th Cir.1990).

Following the decision in *Henry* and its reliance on *Pennhurst II*, other courts have held an Eleventh Amendment bar of some of the claims contained in an action does not prevent removal to federal court. *Kruse v. Hawaii*, 68 F.3d 331, 335 (9th Cir.1995); *Brewer v. Purvis*, 816 F.Supp. 1560, 1571 (M.D.Ga.1993); *Texas Hosp. Ass'n v. National Heritage Ins. Co.*, 802 F.Supp. 1507, 1517 (W.D.Tex.1992). The decision in *Kruse* rejected the holdings by several district courts within the Ninth Circuit following the logic of the Fifth and Seventh Circuits in *McKay v. Boyd Constr. Co.* and *Frances J. v. Wright* for the "better-reasoned approach of the Sixth Circuit" in *Henry*. *Kruse*, 68 F.3d at 335, *see Brewer*, 816 F.Supp. at 1570–71 (relying on decision in *Henry v. Metropolitan* and *Pennhurst II*, Court concludes it need not remand entire case; rather, according to *Pennhurst II*, remand may be limited to claims against individuals in official capacities). In its rejection of the *McKay* decision, the court in *Texas Hospital*, found several problems with the general rule of precluding removal when one or more claims are barred by the Eleventh Amendment. One problem found was the difference in jurisdiction depending upon where the case is originally filed. Had the case originally been filed in federal court, the district court would have maintained jurisdiction over claims not barred by the Eleventh Amendment.[6] In addition, the court disagreed with the discussion concerning removal under section 1441 and stated that although section 1441 "does not countenance the removal of bits and pieces of cases, it does not generally preclude federal courts from remanding bits and pieces of cases if a court finds some, but not all, claims belong in state court or there are other reasons to separate the state and federal claims." *Texas Hospital*, 802 F.Supp. at 1515. The third problem with remanding all claims is the strong "feeling" for vindication of federal rights in federal courts. *Id.* at 1516.

The *Texas Hospital* opinion also provides a discussion of the "status" of Eleventh Amendment immunity and claims there is "a good argument that Eleventh Amendment immunity should not be considered a question of subject matter jurisdiction within the meaning of section 1441."[7] *Id.* In its discussion, the court addresses the "chameleon-like" nature of the Eleventh Amendment—on the one hand, it has the characteristics of a subject matter jurisdiction issue because it may be raised at any time, even for the first time on appeal, but on the other hand, it has characteristics akin to personal jurisdiction because unlike subject matter jurisdiction, a state may waive the Eleventh Amendment immunity, and unlike subject matter jurisdiction, the Supreme Court does not require any court to raise the issue sua sponte. Therefore, if Eleventh Amendment immunity

---

**6.** Although the *Texas Hospital* case points out the federal court could have dismissed the claims barred by the Eleventh Amendment and retained the remaining claims if the case had originally been filed in federal court, that finding has been criticized as immaterial when the case is removed from state court. *Robinson v. State of California*, 836 F.Supp. 717, 719 (N.D.Cal.1993). The issue is not whether the court can abstain from exercising jurisdiction over certain claims but whether the case is properly removed. *Id.*

**7.** The Seventh Circuit recognized the lively debate in both judicial and academic circles about the proper interpretation of the Hans doctrine and Eleventh Amendment. Some believe the Hans doctrine is a form of common law immunity from suit and not a jurisdictional bar. *Smith v. Wisconsin Dep't of Agric., Trade & Consumer Protection*, 23 F.3d 1134, 1139 (7th Cir.1994). The settled law of the Seventh Circuit is that the Hans doctrine "does not recognize a common law immunity, but rather holds that federal courts do not have subject-matter jurisdiction over suits against a state." *Id.* at 1140.

is more a matter of personal jurisdiction, then a court is only excluded from hearing those claims barred by the Amendment just as a court is unable to hear federal claims against a person with no contacts with the forum state. *Id.* at 1517. Because of the hybrid jurisdictional characteristics of the Eleventh Amendment, the *Texas Hospital* court found the amendment did not defeat the federal court's original jurisdiction over an action which contained claims barred by the Eleventh Amendment. *Id.*

The court concluded by finding a partial remand appropriate in the case and supported by comity and fairness. *Id.* However, because some of the claims involved a federal statute under which federal funds were dispersed to the state, the court decided it necessary to honor the intent of Congress "that health care providers be able to sue in federal court for injunctive relief to ensure that they were reimbursed according to reasonable rates" despite the fact judicial economy and convenience supported a remand of the entire case. *Id.*

However, as pointed out by the Seventh Circuit in *Frances J. v. Wright*, 19 F.3d 337, 340 (7th Cir.), *cert. denied*, — U.S. —, 115 S.Ct. 204, 130 L.Ed.2d 134 (1994), "a state's sovereign immunity, whether rooted in the Hans doctrine or the Eleventh Amendment, limits the original subject matter jurisdiction of the federal courts." Although some courts have read the *McKay* decision and those following its holding to "bar federal jurisdiction over actions rather than single claims," the Seventh Circuit agrees such an interpretation would contravene the *Pennhurst II* decision which plainly held that only claims and not entire actions are barred from federal court. *Id.* at 341. However, the issue in *Frances J.* and *McKay* was the scope of the federal court's *removal* jurisdiction and not the issue of the jurisdictional scope of the Eleventh Amendment or the

Hans doctrine to single claims as discussed in *Pennhurst II. Id.*

In line with the reasoning of *Frances J.,* the district court in *Cotton v. South Dakota,* 843 F.Supp. 564, 567 (D.S.D.1994), also focused on the removal statute and found the deciding factor in determining whether a court must totally or partially remand a case containing barred Eleventh Amendment claims was the interpretation given to the term "civil action" in the removal statute. The removal statute provides for the removal of "[a]ny civil action of which the district courts have original jurisdiction." 28 U.S.C. § 1441(b). In cases in which a complete remand was ordered, the term "civil action" was held to denote "the entirety of the proceedings in question, not merely claims or parties." *Cotton,* 843 F.Supp. at 567; *Simmons v. State of California,* 740 F.Supp. 781, 785–86 (E.D.Cal.1990) (decision focused on interpretation of term "civil action" as used in 28 U.S.C. § 1441(a)); *see Dillon v. State of Mississippi Military Dep't,* 23 F.3d 915, 918 (5th Cir.1994) (discussion of cases holding removal statutes require removal of entire action); *Arango v. Guzman Travel Advisors Corp.,* 621 F.2d 1371, 1376 (5th Cir.1980) ("civil action's" removability determined as to entirety, not to particular parties or claims). Because the action in *Cotton,* like the instant case, was removed pursuant to 28 U.S.C. § 1441(b), the court found the remand was governed by 28 U.S.C. § 1447(c) which does not give a court "discretion to remand only part of an action." [8] *Cotton,* 843 F.Supp. at 567; *see Simmons,* 740 F.Supp. at 786 (removal statute does not countenance removal of bits and pieces of cases; court obliged to remand entire case pursuant to mandate of 28 U.S.C. § 1447). The court in *Texas Hospital* recognized that "[r]ead in a very literal, and somewhat mechanical manner, the Simmons court's interpretation of Section 1441(a) makes sense" but declined to follow because of its concerns [9] and because a federal fund-

---

**8.** *Compare* 28 U.S.C. § 1447(c) ("[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded") *with* 28 U.S.C. § 1441(c) ("[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or

causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion may remand all matters in which State law predominates").

**9.** The concerns in *Texas Hospital* were: (1) a different result would occur if case originally filed in federal court; (2) the term "civil action"

ing statute was at issue. *Texas Hospital,* 802 F.Supp. at 1517.

## CONCLUSION

▪ Because this Court is bound by the 5th Circuit decision in *McKay* [10] and because this case concerns this Court's subject matter jurisdiction under the removal statute, this case must be remanded in its entirety because of the Eleventh Amendment/Hans doctrine bar against some of the asserted claims. Even if jurisdiction were retained over the claims not barred by the Eleventh Amendment, at most, this Court would have jurisdiction over the claims asserted against the Hospital and Department of Health based on violations of the ADA and § 504 of the Rehabilitation Act,[11] claims against the individual defendants acting in their official capacities for prospective injunctive relief only, and claims against the individual defendants acting in their individual capacities. All of these claims appear to be intertwined with the claims that must be remanded.[12] This Court

notes this case is unlike *Texas Hospital* because it does not involve a federal statute dispersing federal funds to the states.[13] The claims are more analogous to those in *McKay* because the defendants are sought to be held jointly and severally liable.

In addition, state courts have been deemed capable and competent to decide federal questions and because of this capability and competency, preventing a single case from being split into two furthers judicial economy. *Frances J. v. Wright,* 19 F.3d 337, 341 (7th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 204, 130 L.Ed.2d 134 (1994). Given the complexity of the case and the overlapping of federal and state claims and the facts supporting or opposing same, it would be a gross misuse of judicial resources and unnecessary expense, not only to the plaintiffs but to the citizens of the State of Texas, to try this case twice, once in state court and once in the federal courthouse. *See Mills v. Rogers,* 457 U.S. 291, 300, 102 S.Ct. 2442, 2448–49, 73

used by Congress in removal actions allows one defendant to remove the entire case, it does not "necessarily mean Congress intended to preclude removal altogether if some claims would have been remanded"; and (3) the strong indication by the Supreme Court to have federal rights "vindicated" in federal courts. *Texas Hospital,* 802 F.Supp. at 1515–17.

10. In conducting its research, this Court did not find any other Fifth Circuit decisions overruling *McKay.* This Court is obligated to follow Fifth Circuit precedent. *See Federal Savs. & Loan Ins. Corp., v. Bonfanti,* 826 F.2d 1391, 1394 n. 3 (5th Cir.1987) (court aware of Ninth Circuit decision rejecting Fifth Circuit decision; finding no Supreme Court precedent bringing Fifth Circuit decision in question, court bound to follow its prior decision regardless of Ninth Circuit decision), *cert. granted and judgment vacated sub nom. Zohdi v. Federal Sav. & Loan Ins. Corp.,* 490 U.S. 1001, 109 S.Ct. 1633, 104 L.Ed.2d 149 (1989) (judgement was vacated and case remanded for further consideration in light of recent Supreme Court decision on the issue); *Continental Airlines, Inc. v. American Airlines, Inc.,* 824 F.Supp. 689, 710 (S.D.Tex.1993) (district court bound to follow pronouncements of Fifth Circuit and Supreme Court; where Fifth Circuit has spoken, district court not free to deviate from that court's mandate even if effect is different from effect given to that same order by courts of another circuit).

11. Congress has specifically abrogated state immunity under the Eleventh Amendment from an

action brought either in federal or state court for violations of the ADA or § 504. 42 U.S.C. §§ 2000d–7, 12202, *see Martin v. Voinovich,* 840 F.Supp. 1175, 1187 (S.D.Ohio 1993) (language of § 12202 of ADA and § 2000d–7 of Rehabilitation Act make clear Congress intended to abrogate Eleventh Amendment immunity under the ADA and Rehabilitation Act).

12. The remand of state-law individual-capacity claims was proper once the state-law claims against the defendants in their official capacity had been been remanded. *Hays County Guardian v. Supple,* 969 F.2d 111, 125 (5th Cir.1992), *cert. denied,* 506 U.S. 1087, 113 S.Ct. 1067, 122 L.Ed.2d 371 (1993). Court found "exceptional circumstances" and "compelling reasons" for remand because "[a]djudicating state-law claims in federal court while identical claims are pending in state court would be a pointless waste of judicial resources." *Id.* This court did not, however, discuss the *McKay* decision concerning total remand.

13. The court in *Texas Hospital* based part of its reasoning for remanding only some of the claims on its reading of section 1441 and asserting this section "does not generally preclude federal courts from remanding bits and pieces of cases if a court finds some, but not all, claims belong in state court or there are other reasons to separate the state and federal claims." *Texas Hospital,* 802 F.Supp. at 1515. The reason to separate the claims in *Texas Hospital* was the inclusion of a federal funding statute.

L.Ed.2d 16 (1982) (substantive rights provided by Federal Constitution defines minimum standard; state law may recognize liberty interests more extensive then those protected by U.S. Constitution). Moreover, it is not clear at this time, even if leave is granted to file the first amended complaint, which claims are being asserted against which defendants and in what capacities. Thus, uncertainty exists as to this Court's jurisdiction.

▮ The removal statute is to be strictly construed, and any doubts concerning removal must be resolved against removal and in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Blackmore v. Rock–Tenn Co., Mill Div., Inc.,* 756 F.Supp. 288, 289 (N.D.Tex.1991). The federal trial court must be certain of its jurisdiction before it embarks "upon a safari in search of a judgment on the merits." *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir.1981). In light of the *McKay* decision and the foregoing discussion, this Court lacks subject matter jurisdiction under the facts as set forth and over at least some of the claims alleged. Therefore, this entire case must be remanded to state court pursuant to 28 U.S.C. § 1447(c).

Accordingly, this cause of action is ORDERED REMANDED to the 57th Judicial District Court, Bexar County, Texas. It is FURTHER ORDERED that the District Clerk send a certified copy of this order to the clerk of the state court.

ORDERED, SIGNED and ENTERED.